## SUPREME COURT.

RUFUS L. LORD agt. HARTMAN VREELAND, executor of ELIZA LEWIS, deceased; HARTMAN VREELAND, executor of DANIEL W. GAUTIER, deceased; and HARTMAN VREELAND in his individual capacity.

The acceptance of a *renewal lease,* under an original lease of premises, satisfies only the *covenant to renew;* it does not satisfy any of the other covenants in the original lease.

On *demurrer,* where facts are stated in a complaint showing that the plaintiff has *two contracts* which are broken, so that an action might be maintained on either, but are not stated separately, as several causes of action, the action must be considered founded on that contract upon which it can be sustained as to some or all of the defendants, and not upon the contract where the action must fail unless *new parties* are brought in.

The allegations of the complaint showing a cause of action in such case, which cannot be sustained for want of proper parties defendant, must be treated as *irrelevant* or *immaterial,* and upon motion should be *stricken out.*

Where an *executor* receives property in his own right as a gift, from the testator, it involves the same equitable liability to satisfy the damages arising from the breach of covenants in a lease given by the testator, as when held by the testator.

The person to whom was bequeathed the *personal estate,* or his legal representatives are proper and necessary *parties,* to conclude any claim hereafter to the estate of the testator, in the hands of his executor.

A demurrer must reach the *whole* of a *cause of action.* A paragraph cannot be expunged on demurrer, unless it amounts to a *separate cause of action,* and is so stated.

*New York General Term, November,* 1862.

INGRAHAM, LEONARD and CLERKE, *Justices.*

THIS is an appeal from an order overruling a demurrer to the complaint.

WM. CURTIS NOYES, *for appellant.*
DANIEL LORD, *for respondent.*

By the court, LEONARD, Justice. This is an appeal from an order overruling a demurrer to the complaint.

1. The first objection to the complaint is, that the renewal lease, having been accepted by the plaintiff, constitutes a satisfaction of all the covenants of the original lease.

The objection is not well taken. The renewal lease satisfies only the covenant to renew. It is no satisfaction of the other covenants.

2. The second objection relates to the liability of Vreeland as executor of Gautier, and individually. The demurrer assumes that the complaint contains two causes of action. In this, I think, the defendant is mistaken.

Some of the subsequent objections also assume the same ground.

There is but one injury, and but one satisfaction is sought by the complaint.

The pleader has unnecessarily stated the covenants in the renewed lease and the breach of them, as well as the covenants of the original lease and their breach, and has claimed to recover damages by reason of certain covenants in each of these leases, which are alike.

A statement of the covenants of the two leases, and of their breach, is consolidated in the complaint, as if the two constituted a single cause of action.

The complaint does not purport to state two causes of action separately.

A reference to the renewed lease was necessary only so far as to show that the plaintiff was in lawful possession, as against the defendants, at the time he was ejected, which was after the expiration of the term granted in the original lease, and as the foundation for claiming certain expenses sustained in obtaining the renewed lease, and in defending

possession against those demanding it by a paramount title. But this reference gave no occasion for stating the covenants of the renewed lease, or what breaches of them had occurred.

The defendant is right in asserting that, in an action for breaches of the covenants of the renewed lease, the proper parties defendant are not before the court, inasmuch as there are others who executed that lease jointly with the defendant, but are not made parties here.

There are, however, sufficient parties, and all the proper parties before the court here, in an action founded on the original lease.

As an action on the renewed lease, it would fail altogether, without the addition of other parties, while, as an action on the original lease, there is no want of parties defendant.

It must be held on demurrer, where facts are stated in a complaint, showing that the plaintiff has two contracts which are broken, so that an action might be maintained on either, but are not stated separately, as several causes of action, that the action is founded on that contract upon which it can be sustained as to some or all of the defendants, and not upon that contract where the action must fail unless new parties are brought in. The allegations showing a cause of action in such case, which cannot be sustained for want of proper parties defendant, must be treated as irrelevant or immaterial, and upon motion should be stricken out.

For these reasons, as well as that the intent of the pleader is manifest to pursue the representatives of the original lessor, Eliza Lewis, deceased, it must be held that this action is brought to recover for the breach of certain covenants contained in the original lease.

The arguments in favor of a contrary decision are drawn from the inartificial, redundant and irrelevant matter contained in the complaint, considered as an action on the

original lease only. Such defects in pleading are reached by a motion to expunge or strike out, but are not the ground of a demurrer.

Having arrived at the conclusion that the action is upon the original lease, is there any capacity in which Vreeland is made defendant, in which, upon the allegations of the complaint, he will not be liable to respond, or will not be a proper party defendant?

His liability as executor of Eliza Lewis has not been disputed. It will be necessary to consider only his liability, or the propriety of his joinder here, as a party defendant, as executor of Daniel W. Gautier, deceased, and in his individual capacity.

1st. As to the liability of Vreeland in his individual capacity.

The allegations of the complaint are not entirely harmonious as to the manner by which the real estate devised by Eliza Lewis to Gautier came from him to Vreeland. It is averred in one part of the complaint that Gautier conveyed to John Leveridge all the real estate devised to him by Eliza Lewis in trust to convey it to Vreeland upon the death of Gautier, and that Leveridge, in pursuance of the trust, conveyed it to Vreeland. Subsequently it is alleged that the specific property devised by Eliza Lewis to Gautier, was by him devised to Vreeland, and that Vreeland received it.

In either case it came to Vreeland as a gift from Gautier, without the payment of any consideration, and involves the same equitable liability to satisfy, to the extent of the property or estate so received, the damages arising from the breach of the covenants of Eliza Lewis, deceased.

2d. As to the liability of Vreeland as the executor of Gautier, deceased.

It is averred that a large amount of personal estate came to the hands of Vreeland as the executor of Eliza Lewis, deceased, and still remains in his hands.

The personal estate was bequeathed by her to Daniel W. Gautier, deceased. His executor would be entitled to take after the estate of Eliza Lewis was settled. The executor of Gautier is properly a party to conclude any claim hereafter to the estate of Eliza Lewis, deceased, in the hands of her executor on behalf of Gautier's representatives. He is a necessary party in the settlement of the rights of the various claimants of the fund, and also to reach any personal estate received by his executor, from the estate of Eliza Lewis, deceased, or to which the executor of Gautier is now entitled. It is also insisted in this second ground of demurrer that certain expenditures are mentioned as damages for which the plaintiff claims that the defendant is liable in addition to the natural damages arising from the breach of the covenants in the lease, and that the complaint does not in this respect state a cause of action.

This amounts to a demurrer only to a portion or paragraph in a cause of action set forth in the complaint.

A demurrer must reach the whole of a cause of action. A paragraph cannot be expunged on demurrer unless it amounts to a separate cause of action, and is so stated.

The third ground of demurrer relates to the averments respecting the renewed lease, supposed to be a second cause of action, and the omission of several of the joint covenantors therein as parties defendant, and to the improper joinder of an action on the renewed lease with an action on the original one.

These grounds, as has been before shown, depend on the mistaken assumption that more than one cause of action is stated in the complaint, and require no further comment.

The only remaining cause of demurrer relates to all other causes of action in the complaint, besides those founded on the two leases.

This can hardly be considered as a general demurrer, for the want of facts sufficient to constitute a cause of action.

There is no cause of action in the complaint except such as arises from the lease or leases.

Considered as a general demurrer, there are sufficient allegations to show a breach of the covenant that the renewal lease should be executed by the parties lawfully entitled, and of that providing against a compulsory surrender of the premises until payment has been made or tendered for the building erected by the lessee. Under the circumstances of the eviction averred in the complaint, the presumption of non-payment or tender is in favor of the plaintiff.

The order appealed from should be affirmed with costs, with liberty to the defendant within twenty days to answer upon payment of the costs of the demurrer, and of this appeal, to be adjusted by the clerk.