Louisville, New Orleans & Texas Railway Co. *v.* Postal Telegraph-Cable Co.

1. Telegraph Companies. *Right of way. Condemnation. Act of 1886.*
    The act of 1886 (Laws, p. 93) provides that if a telegraph company seeking a right of way to construct its line "shall not agree" with the owner of the land necessary to be taken, it may resort to condemnation proceedings. Under this, where the company has made an effort to purchase the right of way and has received no reply from the owner within a reasonable time, it may lawfully proceed to condemn.

2. Same. *Commissioners. Competency appearing of record.*
    In condemnation proceedings under said act the sheriff's return on the precept need not show that he summoned, as required, "good and lawful men, citizens of the county," to serve as commissioners; if this fact anywhere appears in the record of the proceedings required to be kept, it will be sufficient.

3. New Award. *Refused. When justice has been done.*
    By the terms of said statute, an application for a new award will be denied unless the judge shall be of opinion that "the commissioners acted upon testimony that was irrelevant or incompetent, *and that their award was contrary to the law and such evidence as was competent, and that injustice has been done.*"

4. Same. *Mere irregularities. Illegal evidence. Value.*
    A new award will not be granted because counsel for petitioners were permitted to open and conclude the argument. Nor merely because illegal evidence as to value was heard by the commissioners. *Postal Tel. Co. v. A. & V. Ry. Co., ante,* 314.

From the circuit court of Claiborne county.

Hon. J. D. Gilland, Judge.

This was a proceeding by the Postal Telegraph-Cable Co., a

corporation of the state of New York, seeking under the act of 1886 (Laws, 93), to condemn for a right of way for its telegraph line a part of the right of way of the Louisville, New Orleans & Texas Railway Co., from Vicksburg, Mississippi, to the Louisiana line, a distance of one hundred and eight miles. For the right of way for said distance, the commissioners awarded $2500 damages. The railway company applied under the statute to the circuit judge for a new inquest, which was denied, and the railway company prosecutes this appeal.

Section 3, act of 1886, provides that in case the telegraph company " shall not agree with the owner or owners of any land" in the purchase of an easement or right of way for the construction of its line, then proceedings may be had under the act for condemnation.

The record shows that the superintendent of the telegraph company addressed a written communication to the president of the railway company, seeking to acquire the right of way by purchase about seven months before the proceedings in this case were instituted. There were various negotiations between the parties, in which the telegraph company sought to obtain a reply from the railway company as to whether the right of way would be granted and upon what terms, but the railway company deferred making an answer. There was, however, no positive refusal. Finally, the telegraph company, being unable to get an answer to its proposition, filed the petition in this case.

The opinion contains a further statement of the case.

*W. P. & J. B. Harris,* for appellant.

1. Statutes regulating the taking of property under the power of eminent domain are in derogation of common right, and are to be strictly and literally followed. The inability of the parties to agree is a jurisdictional fact and must affirmatively appear in the record. 6 Am. & Eng. Enc. L. 610; 61 Mo. 33; 23 Mich. 418.

In this case the proof shows that there had been no refusal by the railway company to contract. No positive offer was made, and the proceedings were instituted before the negotiations between the parties looking to the purchase had been fairly opened. But

there was no refusal on the part of the railway company before the petition was filed.

2. Section 6 of the act provides that the commissioners shall be "good and lawful men, citizens of the county." The return of the sheriff in this case wholly fails to show that the persons summoned were such men. *Railroad Co.* v. *White,* 64 Miss. 566.

3. A new assessment should have been ordered, because the record shows that the land owner was denied the right to open and conclude the argument before the commissioners. 30 Ind. 209; 41 Ib. 499; 59 Ib. 205; 102 Ib. 133; 1 Cush. (Mass.) 559; 111 Mass. 543; 117 Ib. 302; 17 Minn. 188; 17 Neb. 459; 3 Oregon, 311.

4. A reassessment should be awarded because the damages given are grossly inadequate. The award of $2500 is far below just compensation.

*McIntosh, Williams & Russell,* for appellee.

1. The record abundantly shows that the telegraph company sought to acquire the right of way by purchase, but could not even get a reply from the officials of the railway company. After waiting about seven months, and being unable to contract for the right of way, the proceedings were instituted for condemnation. It is manifest that the parties did not "agree," and that the telegraph company could not secure the right of way by purchase.

2. The record required to be kept by the commissioners does show that the commissioners were "good and lawful men, citizens of the county." It is not necessary that this should appear in the return of the sheriff.

3. The telegraph company was entitled to the opening and conclusion of the argument, as it held the affirmative of the issue. *Adams* v. *Power,* 52 Miss. 834; *Perkins* v. *Guy,* 55 Ib. 153. But, if it is conceded that the railway company was entitled to the opening and conclusion, this was but an irregularity and does not affect the validity of the award. Nor will it be disturbed on the question of value; nor because illegal evidence was admitted, if this be true. It does not appear that injustice has been done, and

the award will be approved.   *Postal Tel. Co.* v. *V. & M. Ry. Co.,* *ante,* 314.

Cooper, J., delivered the opinion of the court.

No error is shown in the proceedings of the commissioners to award damages for which a new inquest should have been directed by the judge of the circuit court.   The proceedings were had under the provisions of an act, approved March 16, 1886 (Laws, 93), by the third section of which it is provided that condemnation may be made of any land in cases where the telegraph company *shall not agree* with the owner or owners, etc., for a right of way over the same.   That the company had not agreed with the railway company for an easement is manifest, and under the strict letter of the law the condition existed on which resort might be had to the right of condemnation.   If we should apply the rule *strictissimi juris,* appealed to by the railway company, it would be fatal to its contention; but, we think, the record does show an effort upon the part of the telegraph company to adjust the matter by contract, and that the proposition so to do was to " be considered of " by the railway company, and that, no reply being made by that company within a reasonable time, the telegraph company might lawfully proceed in condemnation under the statute.

The second objection taken by appellant to the award is not supported by the record.   That objection is that the record does not show that the commissioners summoned by the sheriff under the precept from the clerk were " good and lawful men, citizens of the county" of Claiborne, as required by the 6th section of the act.   In this counsel are mistaken.   The precept commanded the sheriff to summon such men, and though his return does not show that they were possessed of the qualifications required, that fact is shown in the record of the proceedings kept by the clerk, which record by the 9th section of the act he is required to keep.

If it be conceded that the commissioners should have permitted counsel for the railway company to open and conclude the argument, and that illegal testimony was heard by them, it would not follow that a new inquest should have been awarded.   The statute

declares that upon a petition for a new award, "if the judge shall be of the opinion that the commissioners acted upon testimony that was irrelevant or incompetent, *and that their award was contrary to the law, and such evidence as was competent and relevant, and that injustice has been done,* a new inquest and assessment shall be ordered by him." As was said in *Tel. Co.* v. *A. & V. Ry. Co., ante,* 314, "in such cases as this, much must be left to the determination of the commissioners, for it is often extremely difficult to arrive at even approximate justice where questions of value are to be determined. Scarcely anything is so variable, according to circumstances, as value."

*The judgment is affirmed.*