POSTAL TEL. CABLE CO. OF IDAHO v. OREGON SHORT LINE R. CO.

(Circuit Court, D. Idaho, S. D.   June 19, 1900.)

No. 58.

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—PLEADING.
   Under Rev. St. Idaho, § 5216, which provides that in proceedings for condemnation of right of way the complaint must show the location, general route, and termini, and must be accompanied with maps thereof, a complaint by a telegraph company seeking to condemn the right to build its line upon the right of way of a railroad company is sufficiently specific where it describes the railroad right of way in general terms, giving the termini and the counties through which it runs. A more particular description, giving the legal subdivisions of the lands crossed, would be of no benefit in such a case, and will not be required.

**2. SAME—RIGHT TO MAINTAIN PROCEEDINGS—LOCAL TELEGRAPH COMPANY.**

The fact that a corporation duly organized under the laws of the state to construct and maintain a telegraph line is subordinate or auxiliary to a corporation of another state does not affect its right to maintain proceedings to condemn a right of way for its line under the statutes of Idaho.

**3. SAME—TELEGRAPH COMPANIES—USE OF RAILROAD RIGHT OF WAY.**

Under Rev. St. Idaho, §§ 5210, 5212, a telegraph company may maintain proceedings to condemn the right to construct and maintain its line upon the right of way of a railroad company, where such use of the property will better subserve the public interests than the use made of it by the railroad company, and especially where the latter acquired most of its right of way by gift from the United States, subject to Rev. St. §§ 5263, 3964, which authorize telegraph companies to construct their lines along all post roads, and make all railroads post roads.

**4. SAME—MEASURE OF COMPENSATION.**

The compensation which a telegraph company is required to pay for the right to construct and maintain its line upon the right of way of a railroad company is the amount of decrease in the value of the use of such right of way for railroad purposes which will result.

Proceeding by a telegraph company to condemn a right of way for its line over and along the right of way of defendant railroad company.

J. R. McIntosh and O. W. Powers, for plaintiff.

P. L. Williams and F. S. Dietrich, for defendant.

BEATTY, District Judge. By this action the plaintiff seeks the right to erect its telegraph line along the railroad and upon the right of way of defendant. The result contemplated would give two telegraph lines, instead of one, with such possible competition as would give to all the choice of service, and possibly a better service at lower rates. That which leads to such results is not contrary to public policy. So far as concerns the public, the attainment of plaintiff's object would not be contrary to its interests, but would be promotive thereof. The question, however, is whether the law will justify the application by plaintiff to its use of defendant's property.

It is objected that the complaint does not so describe the land or premises which plaintiff asks to have appropriated to its use that it can be definitely described in a judgment. It asks for the right of way upon the railroad right of way between certain named termini, through certain named counties in the state, and describes the amount of ground needed for each pole, the distance of the poles from each other, and their distance from the railroad track. Section 5216, Rev. St. Idaho, says, "If a right of way be sought the complaint must show the location, general route and termini, and must be accompanied with maps thereof." When the object is the condemnation of a right of way through a farm or a legal subdivision, it probably should be described by such subdivision; but this is for a right of way on an established railroad right of way, the locus of which is accurately fixed by survey, of which there are accessible records. It would not seem that there can be any difficulty in so framing a judgment with such description of the land taken that all parties may know where it is. The allegations of the com-

plaint seem to meet the statutory requirements and leave the objection untenable.

The next objection is that plaintiff is not a corporation, and is not organized in good faith. No one will doubt that the organization of plaintiff was for the purpose of co-operation with the Postal Telegraph & Cable Company of New York. It may be said that it is subordinate to the latter, and is to assist it in carrying out its objects,—it may be, nothing more than its agent. This may be said of it more from general circumstances than from the testimony in the case. This, however, is a common procedure with all large corporations. A recent instance is in mind. A railroad company now operating in North Idaho, desiring to add a branch of about five miles, organized an independent company to build the same; and I think this defendant, in building the branch railroad from Nampa to Boise, did the same. It seems no unusual matter for a large corporation to utilize small corporations for its purposes. If the plaintiff, however, is organized for any fraudulent purpose, the court will not lend its aid in the consummation of any fraud; but this I am unable to find against the plaintiff from the evidence. The facts are that it appears by the record to have been organized according to the statutes. It has held corporate meetings and performed corporate acts. It has not built any telegraph line within the territory for which it was organized, but it is for the privilege of doing that in the place it deems most available and best for its use that is is now in this forum. Until it is clearly shown that its organization is based upon fraud, or that it is for some fraudulent purpose, the court must regard it as organized and acting in good faith, and accede to it accordingly all the statutory rights allowed it. Moreover, section 2636, Rev. St. Idaho, precludes in this action any examination into its "due incorporation  *  *  *  or its right to exercise corporate powers."

Upon the question of the right asked by plaintiff we have section 5210, Rev. St. Idaho, extending to telegraph companies the right of eminent domain. Section 5212 provides that property already dedicated to a public use may be taken, provided it is "for a more necessary public use than that to which it has already been appropriated." So far, then, as the Idaho statutes can grant the right, they give to this plaintiff the right it asks, provided the use to which it proposes to devote what it acquires is more necessary or would better subserve the public interest than the use to which the property is now devoted. It cannot for a moment be doubted that the use to which plaintiff proposes to put that portion of defendant's right of way would be of greater public utility than that for which it is now used. Practically, it is not now used for any purpose. It is simply so much idle property, and the new use promises to be one of public utility. Section 5263, Rev. St. U. S., enacted July 24, 1866, authorizes any telegraph company to construct any telegraph lines over the public lands and along military and post roads, while section 3964, enacted June 8, 1872, makes all railroads post roads. The defendant procured practically all its right of way from the government and built its road subject to the pro-

visions of these statutes. It seems to me that they cut off discussion, and determined the question involved in favor of the plaintiff. Moreover, numerous courts have granted this right to telegraph companies against railroads, and in some cases where the railroad had purchased from citizens, or had condemned the right of way, while here the defendant procured its right of way from the government as a gift. It was, however, granted, not so much as a favor to defendant, but for the benefit of the public; and, bearing this fact in mind, the right of way should still be used for the public good, when it can be without detriment, or even without material detriment, to the defendant in the general use to which it is devoted. I hold that the plaintiff is entitled to the right of way asked, upon the payment of such damages as defendant will suffer.

As to the rule of assessing damages, the adjudications differ; but that fixed by the United States supreme court must be followed, which seems, by Chicago, B. & Q. R. Co. v. City of Chicago, 166 U. S. 226, 17 Sup. Ct. 581, 38 L. Ed. 819, to be the amount of decrease in the value of the use of the railroad right of way for railroad purposes caused by the use of plaintiff of such right of way for its telegraph poles and lines. The question, then, is, to what extent will the use plaintiff desires to make of this railroad right of way interfere with the use which defendant, up to this time, has made of it? At first view it would appear that the mere placing of poles in the ground along the right of way, as plaintiff proposes, cannot interfere at all with the operation of the railroad, or be any detriment to its use of its property. The railroad officers have, however, testified that it would largely damage the defendant, while, on the contrary, plaintiff's witnesses have testified that it would be a benefit instead of a detriment to defendant. So far as observed, the courts have generally found in such cases but nominal damages. My views are that the damage cannot be great, but it is something. The poles and lines are some incumbrance on the right of way, and do not leave its use to defendant as free as it would be without them. With the telegraph line there, the defendant must exercise more care concerning it than it would were it not there. The supposed benefit that it may be to defendant cannot be considered, but only the detriment, incumbrances, the damage, which I fix at the sum of $500. While courts have generally allowed in some cases but nominal damages, it must be remembered that for a part of the right of way defendant paid a cash value, and all of it had to be cleared and protected. Should this allowance exceed the actual damages suffered, it at least does not equal the value to plaintiff to have a clear, undisputed right of way for this distance, without negotiation or costs with citizens for a right of way. It is not intimated that the value to plaintiff must be considered, but only that it does not suffer by the payment of these damages beyond the benefits received. The statutes of the state and United States above referred to seem so clearly to give the plaintiff the relief it asks, and which is hereby given, that it is considered unnecessary to enter into any lengthy discussion or citation of the numerous authorities bearing upon the question. To do so would seem an unnecessary effort. If, how-

ever, I am mistaken in supposing this a plain question, I leave the fuller discussion of it to more learned reviewing courts.

It may be added that all the propositions made by plaintiff in its complaint as to the manner of construction, operation, and maintaining its lines are in the nature of a contract, by which it is bound, and with which it must comply, and which may be recited in the judgment. Also, I think its line of poles should be put so far from the railroad track that they would not, in falling, reach within five feet of the track. This however, will not be included in the judgment until further ordered, and after the further suggestion of counsel upon the subject, for this is a matter which was not made an issue in the discussion. Either party will have 30 days from notice of this holding within which to take such steps as desired.