## HOLLINGSWORTH v. SPECTATOR CO.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

1. PLEADING—ANSWER—SEPARATE PARAGRAPHS—DEMURRER.

Under Code Civ. Proc. § 492, providing that defendant may demur to the whole complaint, or one or more separate causes of action stated therein; and section 494, declaring that plaintiff may demur to a counterclaim or a defense consisting of new matter contained in the answer on the ground that it is insufficient in law on the face thereof,—a demurrer to a separate paragraph in defendant's answer was properly overruled, since a demurrer will lie only to the whole of a cause of action or defense.

2. LIBEL—PLEADING—INNUENDOES—DENIAL IN ANSWER.

Where the meaning of alleged libelous words was ambiguous, an answer which denied the meaning attached to them by the innuendoes in the complaint is not demurrable.

3. SAME—JUSTIFICATION.

Where a complaint alleged several distinct charges against defendant for publishing libelous articles concerning plaintiff, an answer which pleaded a justification to some of the charges only was not objectionable because not as broad as the charge.

Appeal from special term, New York county.

Action by John E. Hollingsworth against the Spectator Company. From an interlocutory judgment overruling plaintiff's demurrer to paragraphs 4 and 7 of defendant's answer, plaintiff appeals. Affirmed.

See 63 N. Y. Supp. 2.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Henry T. Fay, for appellant.

Franklin Bartlett, for respondent.

HATCH, J. This is an action for libel brought by John E. Hollingsworth to recover $10,000 damages alleged to have been caused by the publication of a certain article in an insurance paper called the "Spectator," owned by the defendant corporation. The third paragraph of the defendant's answer sets up certain facts in mitigation of damages. The fourth paragraph, to which the demurrer is interposed, denies each and every of the innuendoes set up by the plaintiff in his complaint, and alleges that such innuendoes are false and untrue, and that the words used in the alleged libelous article had not and have not the meaning ascribed to them by the plaintiff, and avers that the plaintiff has enlarged and altered the meaning of the words and language used by the defendant in its said article. The first branch of the demurrer is to this fourth paragraph alone. The court below held that this paragraph was a part of, and a continuation of, the third paragraph, and a part of the third separate defense, and overruled the demurrer as to said paragraph. This construction of the pleading was clearly right, and the demurrer was properly overruled. A demurrer will only lie to the whole of a cause of action or defense, and not to a separate paragraph of a pleading. It must be taken to the whole pleading, or to the whole of one or more causes of action or defenses. Code Civ. Proc. §§ 492, 494; 1

Rums. Prac. 377, 378; Hackley v. Draper, 4 Thomp. & C. 614; Lord v. Vreeland, 15 Abb. Prac. 122. But, if the paragraph stood alone, we are of the opinion that it would not be demurrable; for where, as in this case, the meaning of the alleged libelous words is ambiguous, an issue may be joined upon the meaning assigned to the words by the innuendo. The defendant can either deny that he ever spoke the words, or he can admit that he spoke them, but deny that they conveyed the meaning attributed to them by the pleader. Morse v. Publishing Co., 49 App. Div. 375, 378, 63 N. Y. Supp. 423.

As to paragraph 7, to which the demurrer was overruled, we are of the opinion that the decision of the court below is correct. The matters therein set forth are alleged as a justification, and, while it is not a model of good pleading, much of the matters set forth being evidence, yet enough may be gleaned from it to admit evidence tending to justify some of the charges made. It does not, therefore, violate the rule invoked by the plaintiff, viz. that the justification shall be as broad as the charge. This rule does not mean that an answer in justification must be broad enough to embrace every slanderous charge stated in the complaint. Where several separate and distinct things are charged, as plaintiff alleges is done in this case, the defendant may justify as to one, though he fail as to the others. Lanpher v. Clark, 149 N. Y. 472, 44 N. E. 182.

The interlocutory judgment should be affirmed, with costs. All concur.

