NEW JERSEY STEEL & IRON CO. v. ROBINSON et al.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

1. PLEADINGS—DEMURRER TO ANSWER.
    Where certain paragraphs in an answer do not constitute a separate defense, it is not error to overrule a demurrer thereto, since a demurrer must be directed to an entire defense.

2. SAME—FORM OF ANSWER.
    Where certain paragraphs of an answer do not appear to constitute a separate defense, and can only be understood when taken in connection with other paragraphs, but the plaintiff contends that it constitutes a separate defense, he cannot demur thereto, but should move for an appropriate pleading in accordance with Code Civ. Proc. § 507, requiring distinct defenses to be separately stated and numbered in the answer.

Appeal from special term, New York county.

Action by the New Jersey Steel & Iron Company against Andrew J. Robinson and others to enforce a mechanic's lien. From a judgment overruling a demurrer to the answer (68 N. Y. Supp. 577), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

H. B. Closson, for appellant.
Edward S. Clinch, for respondents.

McLAUGHLIN, J. On the 5th of June, 1899, the defendant Robinson entered into an agreement with the defendant Kinney to furnish certain materials and perform certain work in the construction of a building on the latter's land,. who, in consideration thereof, agreed to pay the actual cost of the materials and labor and 5 per centum in addition thereto. The plaintiff, according to the allegations of the complaint, at the request of Robinson, and with the consent of Kinney, performed labor and furnished materials to the value of $36,315.66, to secure the payment of which the plaintiff filed a mechanic's lien, and this action was brought to foreclose the same. The complaint alleges that the plaintiff has completely performed its contract with Robinson, and that there is due to it the amount above stated. The relief demanded is that the plaintiff may be adjudged to have a valid lien upon Kinney's land for this sum; that the same be sold, and, in case of a deficiency, that it may have personal judgment against Robinson to the extent of such deficiency, and for the whole sum in case it be determined that the plaintiff has not a valid lien upon the land. Robinson interposed an amended answer, containing separate paragraphs, of which the tenth is as follows:

"(10) That on or about the 7th day of March, 1900, he executed and delivered to the defendant Charles N. Talbot an instrument in writing whereby this defendant sold, assigned, transferred, and set over unto said Charles N. Talbot all and singular the goods, chattels, stock, claims, demands, property, and effects of every description belonging to this defendant, wheresoever the same might be, except such property as is exempt by law from levy and sale under an execution, but including all moneys due and payable by the defendant Kinney to this defendant, and all claims, demands, property, and effects of every description belonging to this defendant, and arising out of or connected with the contract or agreement set forth in the complaint; to have and to hold the same, and every part thereof, unto the said Charles N. Talbot, in trust, nevertheless, as specified in said instrument in writing for the benefit of the creditors of this defendant; which trust was accepted by said Charles N. Talbot, and upon the performance of which said Charles N. Talbot then entered, and which instrument in writing is still in full force and effect. That said instrument was, on the 8th day of March, 1900, duly filed and recorded in the office of the clerk of the county of New York."

The plaintiff demurred to this paragraph on the ground "that it is insufficient in law upon the face thereof." The demurrer was overruled, and an interlocutory judgment entered, from which plaintiff has appealed.

The demurrer was properly overruled. It was not directed to the whole amended answer, but only to a separate paragraph of it. A demurrer must be directed to an entire cause of action or defense pleaded. It cannot be made to a separate paragraph of a pleading. Hollingsworth v. Spectator Co., 53 App. Div. 292, 65 N. Y. Supp. 812, and cases cited; Kager v. Brenneman, 33 App. Div. 453, 54 N. Y. Supp. 94. Section 507 of the Code of Civil Procedure provides that a defendant may set forth in his answer as many defenses or counterclaims, or both, as he has, but each defense or counterclaim must be separately stated and numbered. The paragraph here demurred to is not designated as a separate defense, and a consideration of it shows that it was not intended by the pleader to be so considered. It alleges "that on or about the 7th day of March, 1900, he executed and delivered * * *." To whom the pleader referred when he used the word "he" can only be determined by reading this paragraph in connection with some or all of the preceding paragraphs of the amended answer, and it only becomes intelligible when so read. If, as the appellant's counsel contends, the facts alleged in this paragraph constitute a separate defense, then he should move, under the section of the Code referred to, to compel the defendant to so designate it by an appropriate pleading. This conclusion renders it unnecessary to pass upon the other questions raised.

The judgment is right, and must be affirmed, with costs. All concur.