## KESTER v. WESTERN UNION TEL. CO.

(Circuit Court, W. D. New York. May 23, 1901.)

TELEGRAPHS—CONSTRUCTION OF LINE ON POST ROAD—RIGHT OF LANDOWNER TO DAMAGES.

Rev. St. §§ 5263–5268, authorizing the construction of telegraph lines along military and post roads of the United States, on compliance with certain conditions, does not affect the right of a landowner to recover damages to which he is entitled for the additional burden upon the fee caused by the erection of telegraph poles upon a public highway which is a post road.

Action at Law. On demurrer to answer.

Arthur E. Clark, for plaintiff.

Daniel H. McMillan and Maurice C. Spratt, for defendant.

HAZEL, District Judge. The plaintiff has demurred to the amended answer served by the defendant, the Western Union Telegraph Company. The demurrer is as follows: "The plaintiff, Benjamin F. Kester, demurs to the amended answer of the defendant herein, verified March 7, 1899, on the ground that the facts stated in the answer do not constitute a defense, and that it is insufficient in law upon the face thereof." This is an action at law. Therefore the rules of pleading in force in the state of New York must govern the court's determination. Rev. St. § 914. The demurrer has been taken to the whole pleading. It cannot be strictly regarded as applying to any separate paragraph or allegation. Hollingsworth v. Spectator Co., 53 App. Div. 291, 65 N. Y. Supp. 812, and cases cited. Upon the argument, however, this question was not raised. The attention of counsel was directed entirely to the sufficiency of the defense raised by the answer that the highway described in the complaint is a post road of the United States, that the defendant has complied with the requirements of sections 5263–5268 of the United States Statutes, and therefore the poles of the defendant are rightfully located without damage to the plaintiff. I have examined the authorities cited by counsel, and am convinced that the plaintiff's rights are in no way affected by the statute in question. Atlantic & P. Tel. Co. v. Chicago, R. I. & P. R. Co., 2 Fed. Cas. 176 (No. 632); Postal Tel. Cable Co. v. Southern R. Co. (C. C.) 89 Fed. 190, and cases cited. Since the argument counsel have filed authorities on the general proposition of whether the plaintiff has any cause of action for damages. The leading case in this state is relied upon by complainant's counsel. Eels v. Telegraph Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640. The doctrine of that case clearly gives the plaintiff his action here. Nor has that case been affected, as to telegraph and telephone wires upon country highways, by any decisions that have been called to my attention. In Palmer v. Electric Co., 158 N. Y. 235, 52 N. E. 1092, 43 L. R. A. 672, the court said, after having held that electric light poles were a public and highway purpose, and therefore not an additional burden upon the fee:

"In the Eels Case, supra, ejectment was brought to remove the poles of a telegraph and telephone company which were not used in any sense for a street purpose. * * * Light is, as we have seen, an aid to traveling upon the highway. * * * All of the street purposes which we have referred to [lighting, sewers, water mains] are clearly incident to the highway, and are deemed within the grant of lands for highway purposes, whenever necessity for these uses arises. Not so with telegraph and telephone wires. They in no way preserve or improve the streets, or aid the public in traveling over them."

The demurrer is sustained with leave to the defendant to amend within 20 days upon payment of costs.