(37 Misc. Rep. 218.)

DELABARRE et al. v. McALPIN.

(Supreme Court, Special Term, New York County. February, 1902.)

1. ACTION BY HEIRS AND BENEFICIARIES—EXECUTION OF WILL — FRAUDULENT PROCUREMENT.

    ˉ A complaint alleged that both plaintiffs are the executors and beneficiaries in the will of their testatrix, executed in 1897, and that one is her next of kin; that in 1900 defendant, with the intent of defrauding plain-

tiffs of their interest in the estate, induced testatrix, who was 86 years old, and of unsound mind, to will to him all her property, and to transfer certain property without consideration. *Held*, that the complaint was not demurrable, as the demurrer admits the validity of the will in favor of plaintiffs, and the act of defendant in fraudulently inducing testatrix to execute the will attacked, and to transfer to him her whole estate, was an actionable wrong against plaintiffs.

2. SAME—JURISDICTION—EQUITY.

Where a complaint seeks to set aside a will as procured by fraud, and also the transfer of property without consideration, the fact that equity has no jurisdiction in cases of fraud used in obtaining the will is no ground for demurrer, as it has jurisdiction as to the fraudulent transfer of property.

Action by Walter E. Delabarre and Philip Schley against George S. McAlpin. Demurrer to complaint overruled.

Purdy, Squire & Rowe, for plaintiffs.
Percy L. Klock, for defendant.

STECKLER, J. The first ground of demurrer to the complaint is that it does not state facts sufficient to constitute a cause of action. The complaint alleges that the plaintiff Schley is one of the next of kin of Sarah G. Nafew, deceased, and that both plaintiffs are the executors and the only beneficiaries named in the last will and testament of said decedent dated April 1, 1897; that the decedent in 1900 was 86 years old; that in and prior to said year she was of unsound mind, in ill health, very feeble mentally and physically, and liable to be easily influenced and deceived, and had no capacity to make a will; that defendant on June 20, 1900, with the intention of cheating and defrauding plaintiffs out of their interest in the estate of said Sarah G. Nafew, knowing she was of unsound mind and not of testamentary capacity, fraudulently caused her to make a will by which she designated defendant as sole executor and beneficiary; and that defendant, further, in pursuance of a plan to defraud plaintiffs, and to secure to himself the whole of the property of said Sarah G. Nafew, fraudulently induced her at about the same time to transfer to him, without consideration, property valued at about $26,000. It seems to me that the facts stated constitute a cause of action. Of course, as between the plaintiffs, beneficiaries of Sarah G. Nafew's will, and the testatrix, they had no rights in her property until her death. But the demurrer admits the validity of the will by which the testatrix left all her property to plaintiffs, and that that was her last will and testament; and the defendant, in fraudulently causing the testatrix, who was then of unsound mind, to make a will by which she substituted the defendant as sole beneficiary for the plaintiffs, and also in inducing her to make a gift of her property to him, materially decreasing the value of her estate, inflicted an actionable wrong upon the plaintiffs. Norris v. Norris, 32 Hun, 175. If it be urged that the beneficiaries are only entitled to the property owned by the testatrix at the time of her death, the answer is that the plaintiff Schley is one of the next of kin to the testatrix, and, in the absence of a valid will and an executor, he would have an interest in property obtained from her

fraudulently. Aside from the question of fraud, it seems a fair presumption that, if a person 86 years old is of unsound mind, such incompetency would continue to exist. Taylor v. Pegram, 151 Ill. 106, 37 N. E. 837; Wright v. Wright, 139 Mass. 177, 29 N. E. 380. And the testatrix in 1900 could no more make a valid gift than a valid will. In re Rogers, 10 App. Div. 593, 42 N. Y. Supp. 133, affirmed in 161 N. Y. 108, 55 N. E. 393; Riggs v. Society, 95 N. Y. 503; Schouler, Wills (3d Ed.) § 65.

The second ground of demurrer is that the court has not jurisdiction of the subject of the action. That the plaintiffs may possibly have an adequate remedy in another court, and therefore this court will not entertain jurisdiction, does not show, in fact, that this court has not jurisdiction of the subject of the action. The subject of the action appears to be the fraud of the defendant, and, while it is the rule that equity has no jurisdiction in cases of fraud used in obtaining a will (Bisp. Eq. [6th Ed.] § 199), such fraud is not the only fraud alleged. There is no question but that a court of equity has jurisdiction in the case of a fraudulent transfer of personal property, and, as the complaint shows such a transaction, the demurrer on the ground of lack of jurisdiction is bad in part, and cannot be sustained. Lord v. Vreeland, 24 How. Prac. 316.

The third ground of demurrer, that there is another action pending between the same parties for the same cause, is unwarranted, as no such fact appears on the face of the complaint. Demurrer overruled, with costs, with leave to answer over on the usual terms.

Demurrer overruled, with costs, with leave to answer over on usual terms.