## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant, v. CAPE GIRARDEAU BELL TELEPHONE COMPANY et al., Respondents.

St. Louis Court of Appeals, December 15, 1908.

1. **EASEMENTS: Rights of Way: Servitudes: Telephone Line.** Telegraph and telephone lines are essential to the purposes of a railroad, and the establishment of such lines along the right of way of a railroad company is within the contemplation of the original grant and is not an additional servitude upon the fee of the adjacent landowner.

2. ———: ———: ———: ———. A railroad company may not only construct and maintain telephone and telegraph lines upon its right of way for its own purpose, but it may contract with another to erect and maintain such lines so as to furnish the service required by the railroad company in conducting its traffic; under such circumstances the maintenance of telephone and telegraph lines is not an additional servitude upon the fee of an adjacent owner.

3. ———: ———: ———: ———: **Fee in Right of Way.** Where a railroad company owns its right of way in fee simple, the construction of a telegraph or telephone line upon such right of way by another would constitute a burden thereon, and if done without its consent or without condemnation, would amount to taking private property without compensation.

4. ———: ———: ———: ———: **Public Service.** And where a railroad company constructs and maintains a telegraph or telephone line upon its right of way for its own purposes, its use of the same to serve the general public as a commercial

enterprise, distinct from the purpose of the company, is a servitude not contemplated in the grant of a right of way, of which servitude the adjacent owner of the fee may rightfully complain.

5. ———: ———: ———: ———: ———. Where a railroad company, having a right to construct its line across the right of way of another railroad company, erected and maintained a telephone system along its right of way and across the right of way of the other railroad company, the use of such telephone system for general commercial purposes, not connected with the business of the railroad company erecting it, would not in any manner interfere with the operation of the railroad or enjoyment of the easement of the railroad company across whose right of way such lines extended, and the construction and maintenance of such telephone line could not be enjoined by the railroad company whose right of way was thus crossed.

Appeal from Cape Girardeau Circuit Court.—*Hon. H. C. Riley,* Judge.

AFFIRMED.

*Martin L. Clardy* and *James F. Green* for appellant.

(1) No effort having been made by the telephone company to agree with the plaintiff railway company as to compensation for its property, or the right of the telephone company to occupy it, injunction was the proper remedy, and it should have been made perpetual. Lewis on Em. Domain (2 Ed.), sec. 631; Carpenter v. Grisham, 59 Mo. 247; Cook v. Ferbert, 145 Mo. 462; Downing v. Dinwiddie, 132 Mo. 92; R. S. 1889, sec. 1272; Rosenberger v. Miller, 61 Mo. App. 422; Telephone Co. v. Smith, 71 Md. 535; Spurlock v. Dorman, 182 Mo. 249. (2) The use which the telephone company desired to make of plaintiff's right of way was an additional servitude, and defendant was not authorized to take possession of the property, without making compensation therefor. Telephone Co. v. Irvine, 49 Fed. 113; Eels v. Telephone Co., 143 N. Y. 133; Dailey

v. State, 51 Ohio 348; Telegraph Co. v. Barnett, 107 Ill. 507; Cable Co. v. Eaton, 170 Ill. 513; Nicoll v. Telegraph Co., 42 Atl. 583; Telegraph Co. v. McKenzie, 74 Md. 36; Kruger v. Telegraph Co., 106 Wis. 96; Kester v. Telegraph Co., 108 Fed. 926; Bronson v. Telegraph Co. (Neb.), 93 N. W. 201.

*Oliver & Oliver* for respondents

(1)  It is a proper use of its right of way for a railroad company to erect a telephone or telegraph line thereon or to permit a line to be erected thereon by a telegraph company for the joint use of both companies, the only restriction being that the contract must not be exclusive and in restraint of trade. Telegraph Co. v. Rich, 19 Kan. 517; Telephone and Telegraph Co. v. Smith, 7 L. R. A. 200, 71 Md. 535; Railroad v. Telegraph Co., 53 Ala. 211; Telegraph Co. v. Telegraph Co., 65 Ga. 160; Telegraph Co. v. Steamship Co., 37 La. Ann. 883; Lewis, Em. Domain, sec. 355.  (2)  The erection of telegraph or telephone poles is not an additional servitude on the land for which the owner of the fee is entitled to additional compensation.   Julia Building Assn. v. Telephone Co., 88 Mo. 258; Gay v. Telephone Co., 12 Mo. App. 485; St. Louis v. Telephone Co., 96 Mo. 629; Seibert v. Railroad, 188 Mo. 672, approving above; McCann v. Telephone Co., 69 Kan. 210, 76 Pac. 870, 66 L. R. A. 171; Magee v. Overshiner, 150 Ind. 127, 40 L. R. A. 370, 65 Am. St. Rep. 358, 49 N. E. 951; Cater v. Telephone Co., 60 Minn. 539, 28 L. R. A. 310, 51 Am. St. Rep. 543, 63 N. W. 111; People v. Eaton, 100 Mich. 208, 59 N. W. 145; Coburn v. Telephone Co., 156 Ind. 90, 52 L. R. A. 671, 59 N. E. 324; Irwin v. Telephone Co., 37 La. Ann. 63; Pierce v. Drew, 136 Mass. 75, 49 Am. Rep. 7; Hershfield v. Telephone Co., 12 Mont. 102, 29 Pac. 883; Telephone Co. v. Keesey, 5 Pa. Dist. 366;   Lockhart v. Railroad, 139 Pa. 419, 21 Atl. 26; Kirby v. Telephone

Co., 17 S. D. 362, 97 N. W. 3. (3) The compensation for the additional servitude, if there be any, can only be recovered by the owner of the fee. Telephone Co. v. Smith, 71 Md. 535, 7 L. R. A. 200, note; Telephone Co. v. Williams, 8 L. R. A. 429; Constitution of Mo., art. II, sec. 21; Railroad v. Clark, 121 Mo. 180. (4) "Substantial and positive injury or damage must always be made to appear to the satisfaction of a court of equity before it will grant an injunction, and acts which, though irregular and unauthorized, can have no injurious result, constitute no ground for the issuing of or sustaining injunction." 1 High on Inj. (2 Ed.), pp. 8, 9; Schuster v. Myers, 148 Mo. 429; McKinzie v. Mathews, 59 Mo. 99; Rodgers v. Railroad, 28 Barb. 539; Head v. James, 12 Wis. 641; Bank v. Fresno C. & I. Co., 53 Cal. 201.

NORTONI, J.—This is a proceeding for injunctive relief. The plaintiff railroad company seeks to enjoin the defendant from constructing a telephone line across its depot grounds and right of way without first having obtained the consent of the plaintiff or compensated it for the privilege. Plaintiff is a railroad company incorporated under the laws of the State of Missouri. It owns and operates a line of standard gauge railroad in and through the city of Jackson in this State. The defendant is a telephone company organized and incorporated under the laws of Missouri for the purpose of furnishing telephone service to its patrons, the general public. The facts out of which the controversy arose are as follows:

The plaintiff, St. Louis, Iron Mountain & Southern Railway Company runs north and south through the city of Jackson. The Cape Girardeau & Chester Railway Company is incorporated under the laws of Missouri and owns and operates a line of standard gauge railroad, extending from the city of Jackson to Perryville, in this State. This line of railroad passes through

a portion of the city of Jackson from the southwest to the northeast, and crosses the plaintiff's right of way on its station grounds and near its depot. It appears the Cape Girardeau & Chester Railway Company instituted a proceeding under our statute authorizing condemnation in such cases, and obtained its right to cross the plaintiff's station grounds, tracks and right of way under the provisions of section 1035, Revised Statutes 1899 (sec. 1035, Mo. Ann. St. 1906). After having acquired the right of way across plaintiff's railroad grounds in the city of Jackson and established its railroad thereon, the Cape Girardeau & Chester Railway Company entered into a contract with the defendant, the Cape Girardeau Bell Telephone Company, whereby the railroad company granted to the telephone company the right and privilege to construct, maintain and operate, for a term of twenty-five years, its line and system of telephones over and along the right of way of the railroad company. The grant to the telephone company to erect its line on the right of way of the Cape Girardeau & Chester Railway Company was for the purpose of serving the Cape Girardeau & Chester Railway Company in the operation of its road. However, the telephone company also contemplated serving the general public who may see fit to patronize the telephone. In virtue of this contract, the railroad company was granted the right to attach to the poles and cross-arms of the telephone company and to maintain thereon, such wire or wires as were owned by the railroad company for its telegraph line, and the telephone company granted free service over its system to the officers and agents of the railroad company concerning railroad business. The telephone company proceeded, under the right obtained by this contract, to erect its line of telephone along the right of way of the Cape Girardeau & Chester Railway Company. It was engaged in the act of planting its poles and constructing its line across

the right of way of plaintiff, St. Louis, Iron Mountain & Southern Railway Company, in the city of Jackson, on the right of way theretofore condemned by the Cape Girardeau & Chester Railway Company, when this suit was instituted. For its right to plant the poles upon and across the plaintiff's right of way mentioned, the telephone company relies exclusively upon the grant of authority contained in its contract with the Cape Girardeau & Chester Railway Company to that effect. The telephone company had neither sought nor obtained the consent of the plaintiff, the St. Louis, Iron Mountain & Southern Railway Company thereto, nor had it in any way, sought to condemn or obtain a right of way for telephone purposes across plaintiff's depot grounds and right of way. This suit is prosecuted upon the theory that although the Cape Girardeau & Chester Railway Company may have obtained a right of way permitting the construction of a telephone for its use, across plaintiff's right of way and depot grounds, the telephone service to be furnished the public amounts to an additional burden on the plaintiff's right of way. It is said the erection of the defendant's telephone system on the plaintiff's right of way for the purpose of accepting patronage from the general public, aside from the telephone service to be furnished the railroad company, is an additional servitude not allowed; that the contemplated additional use of the telephone, the service of the general public, amounts to a taking of plaintiff's property without just compensation. A temporary restraining order was issued. Upon a hearing of the case, however, the circuit court dismissed the bill and denied the injunction. Plaintiff appeals.

In Missouri, the estate of a railroad company in lands acquired for railroad purposes, right of way, etc., amounts to an easement only. The fee to the lands thus occupied continues to reside in the adjacent landowners. Our constitutional provision to that effect has been frequently so expounded by the courts. [St. L., etc., Rail-

road Co. v. Clark, 121 Mo. 169; Boyce v. Mo. Pac. Railroad Co., 168 Mo. 583.]

The telegraph and telephone are conveniences so essential, if not indispensable to the purposes of a railroad, that a railroad company may establish and construct one or both along the line of its right of way, to be used in the prosecution of its business in operating the road, and such use, essential as it is, is not an additional servitude upon the fee. In other words, such conveniences essential to the prosecution of the calling for which the railroad right of way was acquired, are within the contemplation of the original grant for railroad purposes and therefore regarded as not an additional servitude upon the fee of the adjacent landowner. Authorities to this effect are numerous and sound in principle. [Western Union Tel. Co. v. Rich, 19 Kas. 517; M. & O. Railroad Co. v. Postal Tel. Co., 41 L. R. A. (Tenn.) 403; Amer. Tel. Co. v. Pearce, 71 Md. 535; Kester v. W. U. Tel. Co., 108 Fed. 926; S. W. Railroad Co. v. Southern, etc., Tel. Co., 46 Ga. 43; N. W. Tel. Co. v. Chicago, etc., Railroad Co., 76 Minn. 334; Atl., etc., Tel. Co. v. Chicago, etc., Railroad Co., 6 Biss. (U. S.) 367; W. U. Tel. Co. v. Atl., etc., Tel. Co., 7 Biss. (U. S.) 367; W. U. Tel. Co. v. Amer. Tel. Co., 9 Biss. (U. S.) 72; Louisville, etc., Railroad Co. v. Postal Tel. Co., 68 Miss. 806; Baltimore, etc., Tel. Co. v. Morgans, etc., Railroad Co., 37 La. 883; S. E. Railroad Co. v. European, etc., Elec. Tel. Co., 9 Exch. 363; Lewis on Eminent Domain (2 Ed.), sec. 141a; 27 Amer. & Eng. Ency. Law (2 Ed.), 1012; Jones on Telegraphs and Telephones, 143, 145, 146, 147.]

This proposition being true, the railroad company may construct and maintain such telephone or telegraph line on the right of way for its own purpose, or it may take a partner into the enterprise, or contract with another to erect and maintain the line and furnish the required telephonic or telegraphic service to the end of transmitting intelligence with respect to the operation

of its trains, carriage of traffic, passengers and other needs of its calling. In such circumstances, the telephone is not an additional servitude upon the fee of the adjacent owner, but on the contrary, it is viewed as a legitimate development of the easement acquired for railroad purposes. [W. U. Tel. Co. v. Rich, 19 Kas. 517; 27 Am. Rep. 159; M. & O. Railroad Co. v. Postal Tel. Co., 101 Tenn. 62, 41 L. R. A. 403, 406; Amer. Tel. Co. v. Pearce, 71 Md. 535, 541, 542; Taggart v. Newport Street Railway Co., 16 R. I. 668; Hodges v. W. U. Tel. Co., 133 N. C. 225; Lewis on Eminent Domain (2 Ed.), sec. 141a; 27 Amer. & Eng. Ency. Law (2 Ed.), 1011, 1012; Jones on Telegraphs and Telephones, secs. 146, 147.] It therefore appears that the Cape Girardeau & Chester Railway Company, having obtained the right to cross the plaintiff's depot grounds and right of way by virtue of the condemnation proceedings, obtained the right as well to establish a telephone line thereon for itself, or to contract with the defendant to establish a line thereon and furnish the railroad service. The right thus acquired by the telephone company conferred upon it a privilege in respect of the depot grounds and right of way of either railroad, to do and perform numerous acts to the end of establishing, operating and maintaining its line for the purpose of serving the needs of the Cape Girardeau & Chester Railway Company. Among the things thus authorized on the right of way of the Cape Girardeau & Chester Railway Company, it was privileged to remove a portion of the earth, encumbered by the easement for plaintiff's depot grounds and right of way for the purpose and to set its poles therein, to affix cross-arms to such poles, stretch its wires thereon, and do and perform such other things as were necessary to construct, operate and maintain its line. The right of the telephone company involved, of course, an obligation on its part to so construct, operate and maintain its line as not to interfere with the free and untrammeled use of the easement of either company for rail-

road purposes. But it is said the privilege mentioned does not include and authorize the contemplated service, as a commercial enterprise, to those members of the general public who may become patrons of the telephone and that this contemplated user is a servitude of which the plaintiff may rightfully complain. To determine this question with the degree of accuracy of which it is worthy, it will become necessary to examine and ascertain the precise nature and extent of the right conferred upon the railroad company in virtue of its easement when considered relatively with the rights which inhere in proprietorship touching the fee. And to examine, too, what manner of use may be considered as an infringement of the easement when viewed from the standpoint of the principle forbidding the taking of private property without just compensation. With these principles in mind, we will examine the authorities and the proposition advanced.

There can be no doubt of the soundness of the proposition asserted in those cases, such as Southwestern Railway Co. v. Southern, etc., Tel. Co., 46 Ga. 43, 12 Amer. Rep. 585, where the railroad company owns its right of way in fee simple. The construction of a telegraph or telephone line upon such a right of way constitutes a burden thereon, which, if done without the consent of or compensation to the railroad company, amounts to the taking of private property without compensation within the inhibition of the constitution. This is true, of course, in every case where the imposition is upon the fee. [Lewis on Eminent Domain (2 Ed.), sec. 141a and cases cited].

There is, too, a class of cases where telegraph or telephone companies seek to impose themselves upon the easement of the railroad right of way, not only without authority, but against the consent of the railroad company and without an award of compensation thereto. In such circumstances, the right of the telegraph or telephone company to so appropriate a portion of

the right of way is denied on the theory that even though the railroad has an easement, only, such imposition of the telegraph or telephone creates a burden thereon which amounts in fact to an appropriation violative of the principle enunciated in the constitutional mandate forbidding the taking of private property against the consent of the owner without just compensation. This class of cases is distinguishable from the case now under consideration in the fact that in such cases the imposition of the telephone or telegraph company was wholly without the consent of the railroad company, while in the present case, the contract with the Cape Girardeau & Chester Railway Company confers complete authority upon the telephone company to construct its line for railroad purposes on its right of way at the point of crossing plaintiff's grounds and right of way. See the following authorities: W. U. Tel. Co. v. Ann Arbor Railroad Co., 33 C. C. A. 113, 120, 90 Fed. 379, 386; W. U. Tel. Co. v. Chicago, etc., Ry. Co., 76 Minn. 334, 346; W. U. Tel. Co. v. Amer. Tel. Co., 9 Biss. (U. S.) 72; Atl., etc., Tel. Co. v. Chicago, etc., Ry. Co., 6 Biss. (U. S.) 158; W. U. Tel. Co. v. Atl., etc., Tel. Co., 7 Biss. (U. S.) 367; Louisville, etc., Ry. Co. v. Postal Tel. Co., 68 Miss. 806; Amer. Tel. & Tel. Co. v. St. L. I. M. & S. Ry. Co., 202 Mo. 656; 27 Amer. and Eng. Ency. Law (2 Ed.), 1011, 1012; Jones on Telegraphs and Telephones, sec. 149.

There is still another class of cases in some respects resembling the one now under consideration. In this class the railroad right of way consists of an easement only, as here, the fee thereto residing in the adjacent landowner, and the telegraph is constructed thereon under a contract with the railroad company for the purpose of serving the railroad in its operations; but for the purpose, as well, on the part of the telegraph company to serve the general public as a commercial enterprise. Under such circumstances, where the adjacent owner of the fee has asserted a right, it is declared that in so

far as the telegraph company serves the purpose of the railroad, its occupancy of the right of way easement is not an additional servitude or burden upon the fee of which he may complain. The right of the adjacent fee owner is precluded on the theory that such use is a legitimate development for railroad purposes essentially contemplated in the grant of the easement and for which he received compensation at the time. Nevertheless, in so far as the telegraph or telephone company, thus rightfully occupying the right of way, serves the general public as a commercial enterprise, distinct from the vocation of the railroad, it constitutes a use of the right of way easement other than for railroad purposes and it is therefore a servitude not contemplated in the original grant, and a burden upon the fee, of which the adjacent owner may rightfully complain. It is obvious the transmission of intelligence by means of electricity to all the world who may be willing to pay for the service, is not a railroad use and such service is certainly not contemplated within the grant of the railroad right of way, for it is entirely disassociated therefrom. These cases are distinguishable from the case now under consideration in the fact that in those cases the adjacent owner of the fee, in whom resides the high and peculiar right of proprietorship in the earth below and light and atmosphere above, complained, while in this case the complainant, St. Louis, Iron Mountain & Southern Railway Company, is possessed of a railroad easement only in its depot grounds and right of way. For leading authorities affirming the doctrine last mentioned see W. U. Tel. Co. v. Rich, 19 Kas. 517; 27 Amer. Rep. 159; Amer. Telegraph and Telephone Co. v. Pearce, 71 Md. 535; 27 Amer. and Eng. Ency. Law (2 Ed.), 1011, 1012; Jones on Telegraphs and Telephones, secs. 145, 146, 147. If the plaintiff in this case owned the fee to the right of way and depot grounds, or if this suit were prosecuted by the adjacent proprietor, in whom resided the fee on which the easement is an in-

cumbrance, the case would beyond question lie within the influence of the principle asserted as subversive of the constitutional inhibition. This for the reason that high proprietary rights inhere in the fee. Among these, aside from those rights which obtain in respect of the surface, there are the rights in the soil and deposits beneath to the center of the earth, and the right in the air and light above. Of these rights, the law is most jealous and upon their violation, affords a degree of protection commensurate with the injury threatened or received, ever available at the suit of the proprietor. However, the facts under advisement do not invoke the principle relied upon for the reason there is here no taking of or damage to private property against the plaintiff's consent.

To sustain the conclusion thus announced it is essential to examine, first, the character and extent of the proprietary right assured to the railroad company in virtue of its easement, and second, what character of use may amount to an infringement of the right thus assured. It may be conceded that although the plaintiff, St. Louis, Iron Mountain & Southern Railway Co., has an easement only in the right of way and depot grounds, such easement is perpetual if the railroad use shall always obtain, or at least the easement continues so long as it devotes the occupation of the land incumbered thereby to railroad purposes. [Boyce v. Mo. Pac. R. R. Co., 168 Mo. 583.] And the law excludes the owner of the fee and all other persons from any occupancy of the surface within the confines of the right of way at all places other than at crossings, public or private, or other consistent uses accorded by the statute. [St. L., etc., Ry. Co. v. Clark, 121 Mo. 169; Railroad v. Comstock, 60 Conn. 583; Lewis on Eminent Domain, (2 Ed.), secs. 586, 587.] And even though it be an easement only, it is an interest in real estate, and as such property which may not be damaged or taken from it by another against its consent without just compensa-

134 App—27

tion. [St. L. & S. F. Ry. Co. v. Gordon, 157 Mo. 71.] However this may be, the railroad easement is after all only one of railroad user. While it is true the right of way and depot grounds extend to certain definite limits on either side, the consensus of opinion is to the effect that the railroad company is not permitted to use, sell or incumber the easement for other than railroad purposes. Its right of occupancy is for the safe, economical and efficient operation of the road. [M. & O. Ry. Co. v. Postal Tel. Co., 101 Tenn. 62, 41 L. R. A. 403; M. & O. Ry. Co. v. Postal Tel. Co., 120 Ala. 21; St. L., etc., Ry. Co. v. Postal Tel. Co., 173 Ill. 508; C. B. & Q. Ry. Co. v. Chicago, 166 U. S. 226; C. B & Q. Ry. Co. v. Chicago, 149 Ill. 457; Ill. Cen. Ry. Co. v. Chicago, 141 Ill. 509; Lewis on Eminent Domain (2 Ed.), secs. 490a, 584.] In cases where the telegraph has intruded itself by constructing its line upon the railroad easement against the consent of the railroad but in a manner not to interfere with its operations, the doctrine mentioned has been affirmed to the extent of declaring that nominal damages therefor only are recoverable. These judgments have been given on the theory, and it is the accepted law, that in such circumstances nothing of value is taken from the railroad company and therefore nominal compensation only is allowable for the trespass involved. [Lewis on Eminent Domain (2 Ed.), sec. 490a; M. & O. Ry. Co. v. Postal Tel. Co., 121 Tenn. 62, 41 L. R. A. 403; M. & O. Ry. Co. v. Postal Tel. Co., 120 Ala. 21; St. L., etc., Ry. Co. v. Postal Tel. Co., 173 Ill. 508; Postal Tel. Co. v. Oregon Short Line Ry. Co., 104 Fed. 623; Oregon Short Line Ry. Co. v. Postal Tel. Co., 111 Fed. 842.] Instead of being the value of the land appropriated in setting the poles and that contained between the poles over which pass the cross-arms and wires, it is said the true measure of damage recoverable by the railroad company in such cases is the value of the land actually taken for placing the poles, plus the

extent to which the value of the use of the portions between the poles under the cross-arms and wires, for railroad purposes, is diminished by their use by the telephone company. [St. L., etc., Ry. Co. v. Postal Tel. Co., 173 Ill. 508; Amer. Tel. & Tel. Co. v. St. L., I. M. & S. Ry. Co., 202 Mo. 656 (for same principle, see C., B. & Q. Ry. Co. v. Chicago, 166 U. S. 226).] The cases above cited are distinguishable from this one in the material fact that in them, the entry by the telephone company, the setting of its poles, and the construction of its lines upon the railroad easement, was done not only against the consent of the railroad company but entirely without authority from any competent source; while in this case, the authority to do these things on plaintiff's easement was acquired or inured to the telephone company by virtue of its contract with the Cape Girardeau Company.

There is no testimony in the case tending to prove that the erection, operation or maintenance of the telephone system will take any of plaintiff's property, other than the setting of a few poles on its easement. And no evidence whatever that this entails damage, general, special or consequential, upon the plaintiff, or will in any manner interfere with the operation of its railroad or the user of the easement for railroad purposes. On the contrary, it appears the poles will be of ample height and situate remote from the place of actual railroad operations, thus insuring both safety and convenience in the operation of either road. There is no word in the case tending to prove that any portion of the telephone line or its appurtenances is to be affixed to any bridge, building or other superstructure which may be the private property of the plaintiff; that is, in which it may enjoy a right of property greater than an easement. The right of the telephone company to remove the earth, set the poles, affix its cross-arms, insulators and wires, and its right to operate and maintain the line for the service of the Cape Girardeau & Chester

Railway Company across the plaintiff's easement, is clear. There is certainly no infringement of the plaintiff's right because of this, and in fact no complaint is made or authorized on that score. The question for decision is, therefore, the plain proposition as to whether or not the additional commercial use of the telephone by transmitting messages over its line, situate on plaintiff's easement by authority, is an infringement upon the railroad user, such as may be deemed the taking of or damage to its property without compensation. The interests of the fee owner not being involved, the right of plaintiff's railroad user in the easement is the only property interest in judgment. It is obvious that the mere commercial use of the telephone under the circumstances mentioned, is entirely consistent and in no manner interferes with the railroad user of its easement. Besides affixing to and maintaining a few extra wires on the cross-arms and poles duly authorized on its easement, an extensive commercial use of the telephone could involve only the transmission of intelligence over those wires by means of the electric current. Nothing appears in the record tending to show that the additional wires or current will in any manner interfere with or interrupt any electrical apparatus, wires or current employed on its easement by the plaintiff railway company. In these circumstances, no argument can be brought forward to sustain the proposition that such commercial use of the telephone either takes from the plaintiff any portion of its easement or entails damages thereto. This for the reason its easement is for railroad purposes only and such user is in no way impaired or infringed upon by the commercial use of the telephone. No right of plaintiff is invaded. The grounds upon which the judgment of the court is given are that under the circumstances stated, there is no taking of or damage to private property for the reason there is no damage shown and no substantial right of the plaintiff company impaired. There being no possible interfer-

ence with the operation of defendant's railroad and no diminution of its easement right, the plaintiff is not permitted to invoke the principle which prohibits the taking of or damage to private property without compensation. Whether sound or not on principle, this court has given like judgments heretofore in cases where the encroachment was upon the fee and no substantial injury shown. In justice to the court, it should be stated those cases proceeded upon the theory of nuisance rather than upon that of taking of or damage to private property without compensation. [Gay v. Mutual Tel. Co., 12 Mo. App. 485; Forsythe v. B. & O. Tel. Co., 12 Mo. App. 494. See also St. L., etc., Ry. Co. v. Postal Tel. Co., 173 Ill. 508, 532.] Be this as it may, the citation of authorities is wholly unnecessary in a case where the facts in proof show, as in this one, no infringement upon the rights of the complainant.

The judgment should be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.