CENTRAL WHARF AND WET DOCK CORPORATION *vs.* PROPRIETORS OF INDIA WHARF.

Suffolk. Nov. 19, 1877. — Jan. 5, 1878. ENDICOTT & LORD, JJ., absent.

A., the owner of a wharf in a city, and of the land under a dock lying between his wharf and wharves of B., granted to B. and his heirs "the right and use of an open dock for all ships, vessels, boats and floats of every description, with free ingress and egress for the same at all times to and from his and their said wharves and estates, and every part thereof in and over" the dock. The deed also contained the following clauses : "The said dock is forever to remain open and to be a common passageway as aforesaid to the parties." "No fixtures or buildings of any kind are to be erected within the bounds above described as said dock, nor any unnecessary obstructions or impediments permitted thereon." Subsequently the parties executed an indenture reciting the above clauses, and providing that they might make certain changes in the boundaries of the dock, all of which were outside of a certain street which the city contemplated building across the dock ; and that if the project of the street was abandoned, then A. might make an extension of his wharf inside of the line of the street as shown on a plan annexed ; and that neither party abandoned or surrendered any other rights in the dock or wharves "excepting as is herein expressly stated." Shortly after this, the city laid out and constructed the street across the dock and filled up the dock between the street and the shore, under authority of a statute giving the city a lien on the land so filled for the cost of the same. A. thereupon put up buildings on the land so filled. *Held*, in an action of tort against A., for obstructing B.'s right of way, that B.'s easement in the land was limited to an open dock and common passageway for vessels ; that the other covenants were incidental to the grant of this easement ; and that the easement was extinguished by the act of the city.

TORT for interrupting and obstructing certain easements claimed by the plaintiff in a parcel of land lying westerly of

Atlantic Avenue, and marked B on the plan printed *ante,* 562. The case was submitted to this court on agreed facts, and was as follows:

On December 24, 1814, the defendant, who then owned the parcel marked B on the plan, of the one part, and Ebenezer Francis, who then owned an adjoining parcel of flats, and whose rights have since been acquired by the plaintiff, of the other part, executed an indenture, which is set forth at length, *ante,* 562, whereby the defendant granted to Francis, " his heirs and assigns forever, the right and use of an open dock and passageway for all ships, vessels, boats and floats of every description, with free ingress and egress for the same at all times, to and from his and their said wharves and estates and every part thereof in and over the following described pieces of land and flats," described by metes and bounds, and including the parcel marked B on the plan.  The indenture also contained the following clauses : " And it is mutually understood and agreed that the said dock is forever to remain open and to be a common passageway as aforesaid to the parties, their respective heirs, successors and assigns." " It is also understood and agreed that no fixtures or buildings of any kind (except as hereinafter permitted to said Francis) are to be erected within the bounds above described as said dock, nor any unnecessary obstructions or impediments permitted therein." The defendant also conveyed, by the indenture, to Francis the parcels marked C and F on the plan.

On September 9, 1868, the plaintiff and the defendant executed an indenture which recited that, whereas by the indenture of December 24, 1814, " for the purpose of establishing an open dock and common passageway for ships, vessels, boats, &c., it was agreed that the dock as described therein and on a plan thereunto annexed should forever remain open, and be a common passageway to the parties to the said indenture, their respective heirs, successors and assigns, and that no fixtures or buildings of any kind (except as therein specially mentioned and allowed) should be erected, or any unnecessary obstructions or impediments permitted, within the bounds of said dock, as by said indenture established;" and that whereas certain changes had been made in the boundaries of the dock, and the parties wished for

their mutual convenience to make other changes; provided that each of the parties might maintain its respective wharves as then built, and might make certain changes according to a plan annexed. That plan showed the location of a " proposed street," where Atlantic Avenue now is, and all the proposed changes were east of this, except the following : " If the project for laying out a new street across said dock, as laid down on the plan annexed, now under consideration by the city of Boston, shall be abandoned, then " the defendant might make a certain extension westerly of this street as shown on that plan. " It being however mutually understood that neither of the parties to these presents does in any manner abandon or surrender any other rights in the docks or wharves held by them by virtue of any deeds, grants or otherwise, excepting as is herein expressly stated."

On December 18, 1868, Atlantic Avenue, as shown on the plan, was laid out as a public highway by the mayor and aldermen of the city of Boston, under the authority given by the St. of 1867, c. 324, and was constructed in the following year in such a manner as to exclude the tide-water from the dock west of it; and, in 1870 and 1871, this portion of the dock (marked A and B on the plan) was filled in with earth by the city of Boston, under the St. of 1869, c. 181, which authorized the city, in order to abate a nuisance, to fill up the docks inclosed by Atlantic Avenue, and gave the city " a lien on the land made by said filling, for the cost of doing the same."

After such filling, and prior to the date of the writ, the defendant, without the permission of the plaintiff, erected permanent wooden buildings upon that portion of the filled dock marked B on the plan, covering a large part of such parcel, and of such a character as to prevent the plaintiff's passage across in certain directions, and interrupting the use of said parcel by the plaintiff.

If, upon these facts, the plaintiff was entitled to recover, the case was to be sent to an assessor; otherwise, judgment was to be entered for the defendant.

*M. Williams, Jr.,* ( *C. A. Welch* with him,) for the plaintiff.

*G. O. Shattuck & S. S. Shaw,* for the defendant.

GRAY, C. J. The only easement which the plaintiff acquired under the indentures upon which the rights of the parties de-

pend was of an open dock and common passageway for ships, boats and other waterborne craft. All the covenants, including that against erecting fixtures or buildings of any kind within the bounds of the dock, were incidental to the grant of this easement. The laying out of a street and filling up of the dock by the city, under authority conferred by statute, made the enjoyment of this easement impossible, and thereby extinguished it. *Hancock* v. *Wentworth*, 5 Met. 446. *Canny* v. *Andrews, ante*, 155. *Mussey* v. *Union Wharf*, 41 Maine, 34. 3 Toullier Droit Civil (5th ed.) 522. The plaintiff's remedy for the destruction of this easement was by application for damages against the city under the St. of 1867, *c.* 324. *Judgment for the defendant.*