EMILY BANGS & others *vs.* DANIEL A. POTTER.

Suffolk. March 28, 29. — June 22, 1883. FIELD & DEVENS, JJ., absent.

A corporation owning a large tract of land lying between two streets in a city, divided it up into lots, and sold the lots by auction, one of the terms of sale being that "between the lots there shall be a railway fourteen feet wide, to be for the common benefit of all the lots bounding on it, to be used for no other purpose than a railway, and no building is ever to be built over it." Deeds of the lots were made which conveyed the fee to the middle of this strip of land, with the easements and subject to the restrictions contained in the above-recited terms of sale. Railway tracks were laid in this strip of land, but the use of it for a railway was afterwards abandoned. *Held,* on a bill in equity, by an owner of one of the lots against the owner of another lot, brought more than twenty years after such abandonment to compel the removal of a structure erected on the defendant's land, but on the strip of land reserved for a railway, that the defendant was entitled to use his land as he saw fit, and that it was no longer subject to the restriction that no building was to be built over it.

COLBURN, J. This is a bill in equity. It appears, by the agreed facts, that the South Cove Corporation was the owner of a tract of land lying between Beach, Utica and Lincoln Streets, in Boston, which it divided into lots, of which a plan was made and recorded in the registry of deeds; that it adopted certain terms upon which said land should be sold, which were put in writing, entitled "Terms of sale of lands of the South Cove Corporation," and recorded with said plan; and that on April 23, 1840, it sold these lots by public auction, at which the plan and printed copies of the terms of sale were used for reference.

Article seven of the terms of sale is as follows: "Between the lots situated between Lincoln and Utica Streets, except lots numbered 580, 581 and 582, there shall be a railway fourteen feet wide, as delineated in the plan, the same to be for the common benefit of the owners of all the lots bounding on it, and to be constructed and kept in repair at their joint expense, under the direction of an agent to be appointed by the owners of the greater part in quantity of the lots, the expenses to be apportioned according to the valuation of the lots on the printed catalogue used at the sale this day. It is to be used for no other purpose than a railway, and no building is ever to be built over it; nor is any steam power ever to be used upon it."

In all the deeds which were given of these lots, pursuant to the sale, the lots on Lincoln Street are bounded easterly by the lots on Utica Street, and the lots on Utica Street are bounded westerly by the lots on Lincoln Street, and each of the deeds contains, after the description of the lot, the following language: " The premises are hereby conveyed with all the rights, easements, privileges and appurtenances, and subject to all the reservations and restrictions, so far as applicable thereto, which are set forth or contained in the terms of sale of lands of the South Cove Corporation, a copy of which is recorded with Suffolk Deeds at the end of lib. 454."

The plaintiffs and the defendant own lots to which they derive their titles through mesne conveyances from grantees in deeds from said corporation, given in pursuance of said auction sale, the three lots of the plaintiffs being situated on Utica Street, and the lot of the defendant on Lincoln Street, opposite the lots of the plaintiffs, and abutting upon one of their lots.

Railway tracks were laid in this strip of land, but their use was discontinued for a period of more than twenty years before the filing of the plaintiffs' bill; and, ever since such discontinuance, said strip of land has been used by the occupants of the stores abutting thereon as a passageway to the rear entrances of their stores, and, when convenient, for carrying goods by wagons to and from their stores.

The defendant had erected certain structures on his lot, but extending into said fourteen-foot strip of land; and the plaintiffs, contending that they had the right to have this strip of land kept open and unobstructed to the sky for a passageway, and for the benefit of light and air, bring this bill to compel the defendant to remove the structures from this strip of land. The defendant contends that the use of this strip for a railway has been abandoned, and that he has a right to use his entire lot for such purposes as he chooses. Neither party claims any rights except such as result from the provisions of the original deeds from the South Cove Corporation. An agreed statement of facts was made by the parties, which it is unnecessary now to recite in detail, upon which the justice who heard the case found as a fact that the use of the strip of land as a railway had been abandoned; and in this finding we concur. Questions

of law now arise as to the construction of the original deeds, and the effect of the abandonment of the use of said strip of land for a railway upon the rights and obligations of the parties.

It was doubtless expected, at the time the lots were sold, that they would be used for warehouses, which would be greatly benefited by having direct access to a railway, over which freight cars could be run to and from the tracks of the Boston and Worcester Railroad Company, and obviously it was not contemplated that the time would come when such railway connection would cease to be desirable. In accordance with these expectations, article seven of the terms of sale was adopted.

The deeds conveyed the fee in the whole of each lot, but, in connection with the " terms of sale," imposed a servitude on a strip seven feet wide on the rear of each lot, and made appurtenant to each lot an easement in a similar strip on each of the other lots. But these servitudes and easements were expressly limited to a railway; and though it would be a benefit to each lot to receive light and air through the space which was to be kept open for the railway, the benefits of light and air are incidents which result from the provisions for a railway, and are not provided for independently of the railway, and no servitude is imposed or easement granted for any purpose but the railway; and when the railway was abandoned, all servitudes and easements terminated, and each owner had the right to use the whole of his lot for any purpose he pleased, without restraint by the " terms of sale " or provisions in the deeds. *Central Wharf* v. *India Wharf*, 123 Mass. 567. What provision the corporation would have made for the use of this strip of land, if the possibility that the railway might be abandoned had been considered, it is useless to conjecture; it did not provide for such contingency, and the provisions of the deeds cannot be modified or extended so as to make them in accordance with what it may be supposed the corporation would have done if it had anticipated the existing state of things.

*Bill dismissed.*

*F. L. Hayes & D. G. Haskins, Jr.,* for the plaintiffs.
*S. Albee,* for the defendant.