SCARRITT et al. v. KANSAS CITY, OSCEOLA AND SOUTHERN RAILWAY COMPANY, Appellant.

### Division Two, March 28, 1899.

1. **Railroad:** RIGHT OF WAY: ABANDONMENT. Mere non-user by a railroad company for a period of five years of a portion of a strip of land over which it has laid its tracks, by reason of obstructions caused by a land slide, the remaining part being used by it for storing cars, is not an abandonment of its easement in the strip.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED.

JOHNSON & LUCAS for appellant.

(1) The demurrer of appellant ought to have been sustained. There can be no abandonment without an intention so to do, and there is not a scintilla of evidence in the record tending to show an intention on the part of the appellant to abandon the premises. Hickman v. Link, 116 Mo. 127; State v. Young, 27 Mo. 259; State v. Colver, 65 Mo. 609; Roanoke v. Railroad, 108 Mo. 50; Durfee v. Railroad, 140 Ill. 435; Barlow v. Railroad, 29 Ia. 276; Columbus v. Railroad, 37 Ind. 294; Tiedeman, Real Prop., sec. 605. (2) The demurrer ought to have been sustained. There must be not only an intention to abandon, but an actual abandonment, and to constitute an abandonment there must be a clear, decisive, and unequivocal act of the defendant showing an intention to abandon. In the case at bar the evidence shows that appellant has been in continuous possession of the property from the date of entry in 1882 to the present time. Stevens v. Norfolk, 42 Conn. 377; Hickman v. Link, 116 Mo.

123; Judson v. Malloy, 40 Cal. 299; Banks v. Banks, 77 N. C. 186; Breedlove v. Stump, 11 Tenn. 259; Masson v. Anderson, 62 Tenn. 290; Roanoke v. Railroad, 108 Mo. 50. (3) Plaintiffs' instruction number 1 is erroneous and misleading. There was no evidence that the appellant had changed its route, or location of its line of railway, and there was no evidence that defendant had abandoned the same. This instruction is calculated to mislead and intended for that purpose. McClure v. School District, 66 Mo. App. 87; Clark v. Kitchen, 52 Mo. 316; Greer v. Parker, 85 Mo. 111; Dunn v. Dunnaker, 87 Mo. 597. The instruction assumes that the defendant had changed its route or location of its line of railway, and for that reason is erroneous. Sawyer v. Railroad, 37 Mo. 240; Comer v. Taylor, 82 Mo. 341; Robertson v. Drane, 100 Mo. 273; Wilkerson v. Eilers, 114 Mo. 245. (4) Plaintiff's second instruction was erroneous. The defendant could have done all the things therein enumerated, and still in themselves they were not sufficient to constitute an abandonment. Hickman v. Link, 116 Mo. 128; Roanoke v. Railroad, 108 Mo. 62; Jackson v. Bayles, 67 Mo. 609. This instruction is too indefinite, and failed to call attention to one of the main facts in the case, viz.: the intention of the defendants. McClure v. School District, 66 Mo. App. 84; Clark v. Ketchum, 52 Mo. 316; Greer v. Parker, 80 Mo. 111; Railroad v. Stock Yards, 120 Mo. 541. Instructions which cover the whole case ought to be framed so as to meet the points raised by the evidence and pleadings on both sides. Fitzgerald v. Hayward, 50 Mo. 516; Carder v. Primm, 60 Mo. App. 423. (5) The court erred in refusing to give instruction number 2, asked by defendant. The act complained of existed, if at all, at the time of the former trial, and the final judgment in that cause is a bar to this proceeding. Mason v. Summers, 24 Mo. App. 174; Dickey v. Heim, 48 Mo. App. 114; Swope v. Weller, 119 Mo. 556. (6) The court erred in refusing to give instruction number

3, asked by defendant. · The only evidence in the record is a failure to run cars over the Burge tract for a period of five years, and it is true that if the defendant had abandoned the land there could be no recovery. There is no pretense of abandonment and re-entry. Franklin v. Haynes, 119 Mo. 566; Bledsoe v. Sims, 53 Mo. 305; Shaw v. Tracey, 95 Mo. 531.

SCARRITT, VAUGHAN, GRIFFITH & JONES for respondents.

(1) The defendant railroad corporation at the time of the institution of this suit is admitted to have been in possession of the land in dispute. By its answer it claims the right to use the land for railroad purposes. Being without color of title, no presumption for mere possession for railroad purposes will arise in its favor that it has more than an easement therein. In other words no presumption will arise in favor of the corporation from naked possession under the allegations of its answer, that it has a fee simple title to the land. Mo. Const., art. II, sec. 21; Roanoke Investment Co. v. Railroad, 108 Mo. 67; Kellogg v. Malin, 50 Mo. 496; Chouteau v. Railroad, 122 Mo. 375; Union Depot v. Frederick, 117 Mo. 138. (2) During the period the railroad company was operating its railroad over this land, and was in possession of its easement in the land for that purpose, the plaintiffs were not entitled to possession of the land as against the railroad company, and, having no right of possession, the statute of limitations did not run against them. Keith v. Keith, 80 Mo. 125; Campbell v. Kansas City, 102 Mo. 326. In this State one judgment in an action of ejectment is no bar to the prosecution of another suit for the recovery of the same premises. Callahan v. Davis, 125 Mo. 35; Slevin v. Brown, 32 Mo. 176; Ekey v. Inge, 87 Mo. 493. (3) Plaintiff's instruction number 2 fairly presents the question of abandonment by the railroad

of its easement in the land. It required the jury before they could find the use was abandoned to believe: First, that the defendant had changed the line of its right of way in such a manner that its tracks, trains and cars did not run over the land in controversy, but entered Kansas City through a different part of the city; second, that the company had not used the land for railroad purposes for five years or more last past; third, that defendant had ceased to use the land for railroad purposes; fourth, that it had become and had been impossible for five years or more to use this land as a railroad. Plaintiffs' charge of abandonment of the use, as disclosed by the evidence in this case, as well as by the instructions upon which the case was submitted to the jury, is not bottomed on "the mere non-user" of the land in controversy by the defendant. The evidence discloses that the defendant never made much use of the track on the land in controversy; that five or six years before the institution of this suit defendant changed its route into the city, running its cars about three-quarters of a mile north of this land to the depot at Second and Wyandotte streets, since which time it has not run a car upon the land in question. On the other hand it has permitted the land in question to be entirely severed by physical obstructions from that part of its right of way in actual service by an embankment several hundred feet long and several feet deep and has allowed its tracks on the land in question to be covered up by a foot or more of soil, and has allowed trees to grow along its right of way so as to interfere with any attempt to operate cars thereon. The intentional neglect, the studied forgetfulness of a quarter of a mile of right of way in a city when the land occupied is valuable for other uses; permitting the right of way to be occupied by rocks and trees so as to obliterate the right of way for a period of more than five years, taken in connection with the fact that the company has diverted its route to another location, would seem to be facts from which might be inferred an intention

to abandon a right of way. Roanoke Inv. Co. v. Railroad, 108 Mo.67; Volger v. Geiss, 51 Md.407; Hamilton v. Farrar, 128 Mass. 492; King v. Murphy, 140 Mass. 254; 6 Am. and Eng. Ency. of Law (1 Ed.), 604; Stacy v. Railroad, 27 Vt. 39; 2 Washburn on Real Prop., p. 256; Eddy v. Chase, 140 Mass. 471; Kuechen v. Voltz, 110 Ill. 264; Jewett v. Jewett, 16 Barb. 150; Baker v. Railroad, 57 Mo. 265. (4) Plaintiffs' instruction number 1 is a correct statement of the law, and read in connection with plaintiffs' second instruction is not misleading. The giving of such an instruction is no ground for reversal. Benjamin v. Railroad, 133 Mo. 290. It is founded on the evidence of both plaintiffs' and defendant's witnesses, that the line of railroad used by the defendant had been changed so that it did not run over the land in question but about three-quarters of a mile to the north. (5) Abandonment is a question for the jury under the instruction of the court. Campbell v. Kansas City, 102 Mo. 348; Krider v. Milner, 99 Mo. 145. (6) Conceding that defendant had an easement in the nature of a license to use a right of way over the land from 1882 to 1888 and that while the land was being used for railroad uses ejectment would not lie on behalf of the owner of this land; when that use has ceased, the action of ejectment may be resorted to and the defendant's possession of the easement from 1882 to 1888 will not be construed as adverse possession under the statute, as against the claimant of the fee simple estate.

SHERWOOD, J.—Ejectment for a strip of ground of about an acre in extent in Kansas City, Missouri. This cause has been here before, and is reported in 127 Mo. 298; that is to say ejectment was brought by plaintiffs' testator against defendant's predecessor, the Kansas City & Southern Railway Company. In that case the then defendant pleaded estoppel in consequence of the acquiescence of Scarritt, plaintiffs' testator, in the construction and operation of this defendant's road over his land and by his acquiescence in such

defendant using and occupying for the purposes of its road, his land, and by its expenditure of large sums of money in building and operating its roads, plaintiffs' testator acquiescing therein.

This defense was held valid by this court, and that in consequence of said circumstances plaintiffs could not maintain ejectment for the land, and that a demurrer to the evidence was well taken, and should have prevailed.

The answer of the present defendant pleaded a general denial, the statute of limitations, *res judicata* and similar matter to that pleaded in the former action.

Reply a general denial.

In the case at bar the undisputed facts show that in 1889 plaintiffs' ancestor brought ejectment for this property and defendant admitted possession. On January 31, 1890, the judgment of the circuit court of Jackson county found that the defendant had been in possession from the date of entry in 1882, from which the defendant appealed, claiming ownership of the property in controversy. This appeal was decided March 5, 1895, and before the return of the mandate, plaintiffs filed the present action, alleging that the defendant entered into the possession of the premises on the fifth day of January, 1890, and unlawfully withheld the same from the plaintiffs. No change in the situation of the defendant, from the time of entry in 1882, to the present, occurred, and its present occupancy is the same and has been the same from that date to this. The evidence showed that a slide occurred on ground adjacent to this that covered the track of defendant with earth to the depth of five to seven feet, and that it had remained in that condition for a period of five years, and that at the time of trial the defendant ran its trains into Kansas City over the tracks of the Suburban Belt Company, but that this arrangement was only temporary, and that defendant's purpose and intention was and is to enter the city over the property in controversy.

And the evidence not only showed no abandonment of the premises, but a continuous user of the track, the land for which was thus obtained from Scarritt, down to the time the slide aforesaid occurred, and since that time there has been a continuous user for the space of the five years of a portion of the Scarritt land on its eastern end (where the slide did not extend) by defendant for the storage of its cars when backed from the Chicago & Alton, and a like user of a portion of the Suburban Belt Line track, and no adverse possession on the part of anyone else but defendant was pretended.

Two or three days before the trial of this cause, however, a portion of the track which connected defendant's track with the Chicago & Alton had been torn up, but this, of course, would not affect the legal status of the situation.

The doctrine of equitable estoppel, successful in this court on a former occasion, is still as valid a defense as against an action of ejectment brought by plaintiffs as it was in the original suit.    In fact, where such a defense is available at all, it is as valid against an action of ejectment as though the party making it had by process of condemnation acquired a complete title to the land in controversy.

But if abandonment of the premises has occurred, then, of course, the defense of an estoppel would be equally as unavailing as would a condemnation of the premises through regular process.    But there has been no abandonment of the *locus in quo* in question, and there is not a scintilla of evidence to show it, because in order to show an abandonment, there must be not only an intention to abandon, but an actual abandonment.

To constitute the latter there must be a clear, unmistakable and unequivocal act looking to, and furnishing evidence of, an intention to abandon.

The case of Roanoke Inv. Co. v. Railroad, 108 Mo. 50, has been cited by plaintiffs as being in their favor, but that case, however correctly decided, has no application to the differing facts of the present case, for in speaking of that case

in the subsequent one of Railroad v. Railroad, 129 Mo. loc. cit. 70, it is said: "There was no such evidence of abandonment in this case as was offered in the Roanoke Inv. Co. v. Railroad, 108 Mo. 50. A casual reading of that case (Roanoke) will show that it rests upon acts of abandonment of such a nature as indicated not only an intention, but a complete abandonment of the tract in controversy in that case; but we also held in that case, 'that the mere non-user of this piece of road, in the absence of adverse possession by the servient owner, or other acts of such unequivocal nature on the part of the owners of the railroad as evinced a clear intention to abandon the easement, would not work an extinguishment of the right, however acquired."

And in Hickman v. Link, 116 Mo. loc. cit. 127, when speaking on this subject, this court said: "Abandonment includes both the intention to abandon and the external act by which the intention is carried into effect. To constitute an abandonment there must be the concurrence of the intention to abandon and the actual relinquishment of the property, so that it may be appropriated by the next comer."

Elsewhere a text writer says: "Mere non-user, even though for twenty-five years, will not of itself extinguish the easement. It must be accompanied with the express or implied intention of abandonment, and the owner of the servient estate, acting upon the intention of abandonment and the actual non-user, must have incurred expenses upon his own estate. The three elements, non-user, intention to abandon and damage to the owner of the servient estate, must concur in order to extinguish the easement." [Tiedeman on Real Property (1 Ed.), sec. 605.]

For these reasons defendant's demurrer to the evidence should have prevailed; therefore, judgment reversed. All concur.