MARY A. H. SMITH *vs.* JULIUS PRICE .& another.

Suffolk.    January 24, 1913. — April 1, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Equitable Restrictions.    Adverse Use.*

The right to enforce an equitable restriction is wholly extinguished by a failure
to enforce it for twenty years, if others during that period have used the
land which was subject to the restriction in a manner inconsistent with the
existence of the restriction.

LORING, J.   This case comes up on exceptions taken in a suit
to enforce a five-foot set back restriction on the defendant's land.
The restriction was created in a deed made in 1838.   It appeared
on the uncontradicted evidence that the defendants and those
under whom they claim title had maintained on their land a
two-story wooden house which covered the whole front of the lot,
including the five-foot space here in question, for a period of more
than thirty years before the bill in this suit was filed.   The plaintiff
asked the judge * "to rule that the erection and maintenance for
more than thirty years of the two-story wooden building upon the
defendants' premises did not extinguish the restrictions, that the
restriction would revive upon the destruction of the wooden build-
ing, and that the defendants had no right to erect a brick building
thereon eight stories high after the removal of the present build-
ings."   The judge refused to give that ruling and an exception was
taken to that refusal.

The only case relied on by the plaintiff in support of the ruling
which he asked for is *Arnold* v. *Stevens,* 24 Pick. 106.   What was
decided in *Arnold* v. *Stevens* was that mere non-user of an easement
created by grant, even for more than twenty years, does not work
an extinguishment of it.   But it was expressly stated in *Arnold* v.
*Stevens* that if the non-user for twenty years was united with an
adverse use of the servient estate inconsistent with the existence
of it, the easement is thereby extinguished.   See p. 113.   The

---

* *Morton,* J.

same doctrine is laid down in *Jennison* v. *Walker*, 11 Gray, 423, 425, 426, *Brace* v. *Yale*, 10 Allen, 441, 443, *Owen* v. *Field*, 102 Mass. 90, 114, *Smith* v. *Langewald*, 140 Mass. 205, 207. And in the case of *Chandler* v. *Jamaica Pond Aqueduct*, 125 Mass. 544, a decision to that effect was made.

In this regard what for convenience is called an equitable restriction stands on no better footing than an easement. The right to enforce it was wholly extinguished by non-user for twenty years and more, coupled with a use of the land subject to the restriction inconsistent with the existence of the restriction. The exception taken to the ruling to that effect * made by the judge and that taken to the refusal to give the ruling asked for by the plaintiff must be overruled; and it is

*So ordered.*

The case was submitted on briefs.

*C. W. Rowley,* for the plaintiff.

*B. H. Greenhood,* for the defendants.

---

* The ruling which was given was that the defendants "had title in fee simple to the premises by adverse possession, and that by reason of the main-tenance of the buildings thereon for more than thirty years, the restrictions upon the land were extinguished."