FRANK E. BROOKS *vs.* WEST BOSTON GAS COMPANY.

Middlesex.     March 11, 1927. — June 30, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Easement,* Creation, Extinguishment, Nonuser. *Way,* Private. *Deed,* Construction. *Land Court,* Finding of fact, Decree.

Words of limitation have no appropriate place in the descriptive part of a deed; it is the function of the *habendum* clause to declare the extent of the estate conveyed.

In the descriptive part of a deed dated 1856, conveying a right of way, it was stated that the grantor granted "to said E." The *habendum* clause granted "the above granted premises, with the privileges and appurtenances thereto belonging to the said . . . E, his heirs and assigns, to his & their use and behoof forever." In 1885, after the death of E, successors in title to the grantor, by a deed conveying a portion of the servient premises, recited that the premises were subject to the easement "which was granted to said" E in 1856. There was evidence of a general practice of passing through the premises in 1885 along a well marked way. At the hearing of a petition by a successor

in title to E to register title to the easement, the judge considered the deed of 1885 as an act recognizing title in fee in E. *Held*, that the action of the judge was proper.

An easement created by a deed may be found to be appurtenant to land also conveyed by the deed, although it is not declared in express words to be so appurtenant.

Although, at the hearing of a petition for the registration of title to an easement of a right of way, the judge found that by reason of the acts of the owner of the servient estate the petitioner for more than twenty years had been prevented from using the entire easement, if there is evidence that a portion of the way had continued to be used by the owner of the dominant tenement, the judge is warranted in deciding that the right was not wholly extinguished but still might be used in part, and in such case he rightly may order entered a decree establishing by fixed bounds the title to the easement to such an extent as its use still is possible.

Evidence, at the hearing of a petition to establish title to the easement of a right of way granted in 1856, that the petitioner had continued to use a portion of the old private way to pass and repass upon, and for temporary parking of automobiles used by himself or by guests at an inn maintained by him upon the premises to which the way was made appurtenant, warranted a finding that the way still was in use.

PETITION, filed in the Land Court on January 5, 1925, for the registration of certain easements in Framingham, described in the opinion.

In the Land Court, the petition was heard by *Smith*, J. Material evidence and rulings and an order for a decree are described in the opinion. The respondent alleged exceptions.

*H. R. Scott*, for the respondent.

*F. M. Forbush*, for the petitioner.

WAIT, J. In 1856, the Boston and Worcester Railroad Corporation, then the owner of the lands over which the petitioner seeks the registration of the easements here in question, granted by warranty deed a tract of land to Lovell Eames, his heirs and assigns, and, in the description of the premises conveyed, recited: "and said Corporation for the consideration aforesaid also grant to said Eames the right & easement to have the street or way [now Franklin Street] indicated on said plan by the letters C. D. E. & F. kept as a way, extended from the street so called as laid down on said plan, and also a right of passing & repassing over said Corporation's land by a private way, from and to the southerly termination of said extended way or street (marked

on said plan D. & E.) to the southwesterly corner of the land
of Geo. Richardson, thence along the southerly line of said
Richardson's land easterly to the highway leading from
Framingham Center to Sherborn." The *habendum* of the
deed reads: "To Have and to Hold the above granted
premises, with the privileges and appurtenances thereto
belonging to the said Lovell Eames, his heirs and assigns,
to his & their use and behoof forever."

The respondent, now the owner of the land over which the
westerly part of the last mentioned easement extended,
contends that the grant was merely for the life of Lovell
Eames and came to an end with his death in 1865. This
contention is not sound. It is based upon the omission of the
words "heirs and assigns" after Eames's name in the descrip-
tion of the easement granted. Words of limitation have no
appropriate place in the descriptive part of a deed. It is
the function of the *habendum* to declare the extent of the
estate conveyed. *Pratt* v. *Sanger*, 4 Gray, 84. *Parsons* v.
*New York, New Haven & Hartford Railroad*, 216 Mass. 269,
271. The *habendum* conveys a fee. A deed executed in
1885, from successors to the title of the Boston and Wor-
cester Railroad Corporation conveying part of the land
made servient in 1856, recites that it is made "also subject
to the right of Lovell Eames to pass and repass by a private
way from a point on Franklin Street — easterly — which
right was granted to said Eames by the Boston and Wor-
cester Railroad Corporation" in 1856. There was evidence
of a general practice of passing over the premises in 1885,
along a well marked way. The suggestion of the respondent.
that the grantor was ignorant of Eames's death and inserted
the reference to the easement merely by way of precaution,
is not convincing. The judge rightly could consider this
deed an act recognizing a title in fee in Eames.

An easement created by a deed may be found to be appur-
tenant to land also conveyed by the deed, although it is not
declared in express words to be so appurtenant. *Barnes* v.
*Lloyd*, 112 Mass. 224. *Lagorio* v. *Lewinberg*, 226 Mass.
464, 466. We find no error in the finding and ruling that
the easement is appurtenant to the petitioner's land.

The contention of the respondent that the easement has been extinguished, presents greater difficulty. The right given in fee to Eames was to pass and repass by a private way extending from what is now Franklin Street to the highway from Framingham Center to Sherborn, now Concord Street. The evidence justifies a finding that for many years there was a well marked track from one terminus to the other, but that for the forty years last past there has been a fence along the line of the railroad property shutting off travel between these termini. There is no dispute that buildings have been constructed across the way which was open before 1885. Since the fence was built, the dominant owner has not been able to pass and repass along the way once open from Franklin Street to Concord Street. There has been no actual open way between the original termini. Since St. 1892, c. 275, now G. L. c. 160, § 114, the policy of the Commonwealth has not favored private ways across the location of railroads. The briefs justify the belief that the petitioner did not know of the full extent of the right created by the deed until he began the preparation of this petition for registration of his title. In these circumstances a decision that the easement had come to an end would have been legally justifiable. *Bangs* v. *Potter,* 135 Mass. 245. In *Hancock* v. *Wentworth,* 5 Met. 446, and in *Central Wharf* v. *India Wharf,* 123 Mass. 567, this court decided that when the act of a third party had rendered the use of the easement impossible, the easement was extinguished. Where the acts which have interrupted the use have been acts of the servient owner, the rule is the same. *Jennison* v. *Walker,* 11 Gray, 423. *Chandler* v. *Jamaica Pond Aqueduct,* 125 Mass. 544, 549. *Smith* v. *Price,* 214 Mass. 298. *Munroe* v. *Worthington Pump & Machinery Corp.* 245 Mass. 474, 479. The Land Court, however, has found and ruled that the right of the petitioner has not been extinguished; but is limited to the use of an area which is only the westerly seventy feet of the more than two hundred feet of the early way. It has definitely set out in its decision the bounds of this area. In so doing there is no error of law. A right of way created by deed is not lost by nonuser. See *Willets* v.

*Langhaar*, 212 Mass. 573, 576.   It may be extinguished by acts which render its use impossible, as above stated; but, if capable of use in part, the easement may still continue to exist.   *Putnam* v. *Bowker*, 11 Cush. 542.   *Wilson* v. *Middlesex Co.* 244 Mass. 224.

There was evidence that the petitioner had continued to use the westerly portion of the old private way to pass and repass upon, and for temporary parking of automobiles used by himself or by guests at the inn maintained by him upon the premises to which the way was made appurtenant.   The extent of the interference with such use by the maintenance of a billboard upon it was for the court to determine.   The. decision of the Land Court that use of the way had not ended cannot properly be said to be unsupported by evidence.   Compare *Westcott* v. *New York & New England Railroad*, 152 Mass. 465, 468.   The Land Court in fixing bounds for the area over which the right of way still remains in force was acting rightly.   *Burnham* v. *Mahoney*, 222 Mass. 524.   *Old Colony Street Railway* v. *Phillips*, 207 Mass. 174, 181.   *Atkins* v. *Bordman*, 2 Met. 457, 467.   *McKenney* v. *McKenney*, 216 Mass. 248.   *Davis* v. *Sikes*, 254 Mass. 540, 546.   *Dunham* v. *Dodge*, 235 Mass. 367. ·

We find no error in the admission of evidence.   No prejudice to the respondent appears, even had the admission been wrongful.   The delay in objecting to the presence of the billboard is not fatal to the petitioner's right.   *Willetts* v. *Langhaar, supra.   Arnold* v. *Stevens*, 24 Pick. 106, 113. This disposes of the subject matter of all the exceptions, which need not be further discussed in detail.   It results that the order must be

*Exceptions overruled.*