EUREKA REAL ESTATE & INVESTMENT COMPANY, a Corporation, (Plaintiff) Appellant, v. SOUTHERN REAL ESTATE & FINANCIAL COMPANY, a Corporation, ET AL., (Defendants) Appellants, UNION ELECTRIC COMPANY OF MISSOURI, a Corporation, ET AL., (Defendants) Respondents.—No. 40045.—200 S. W. (2d) 328.

Division Two, March 10, 1947.

*Calhoun & Boisseau* for appellant Eureka Real Estate & Investment Company.

*Boyle, Priest & Elliott,* and *G. T. Priest* for appellants Southern Real Estate & Financial Company, Delmar Investment Company, Harriet Cella, John G. Cella, Harriet Donnell and Mae Cella, Trustees under Will of Charles J. Cella, Deceased.

*A. E. L. Gardner* for respondents Union Electric Company of Missouri and St. Louis Public Service Company; *T. E. Francis* of counsel for St. Louis Public Service; *John A. Woodbridge* of counsel for Union Electric Company of Missouri.

1202

BARRETT, C.—The Eureka Real Estate and Investment Company instituted this action to try and quiet title to a strip of land which in 1900 had been condemned as right of way for a street railway. The strip of land consists of contiguous tracts, one twenty-five feet wide and 200 feet long, the other fifty feet wide and ninety feet long. The theory of the action is that the street railway company's successor in title, the St. Louis Public Service Company, abandoned the right of way and therefore the title is subject to being quieted and determined. The trial court found that the land had not been abandoned and was yet a necessary part of the maintenance and operation of the St. Louis Public Service Company's street railway system as a whole. The court found that the defendant Union Electric Company's poles and lines were upon the right of way by permission of and for so long a time as the St. Louis Public Service Company continued to use its right of way for street railway purposes. The court also found that the plaintiff, Eureka Real Estate and Investment Company, owns the fee simple title to the land subject to the street railway company's easement. Upon this appeal the plaintiff, Eureka Real Estate and Investment Company, and the defendants, Southern Real Estate and Financial Company, Delmar Investment Company and the Cellas, contend, as against the St. Louis Public Service Company, that the right of way had been abandoned. The secondary question, in which the respondents are

not interested, is whether the court correctly determined the incidence of the fee simple title as between the appellants.

In 1900, upon the petition of the Brentwood, Clayton and St. Louis Railroad, this strip of land through Victor M. Buck's property was condemned and appropriated as a right of way for a street railroad. The petition in condemnation described the course and purpose of the railroad "together with all necessary sidetracks, turnouts, stations, power houses, sheds, yards, poles, wires and other appliances and means necessary and convenient for and appurtenant to the same." Until 1941 the street railway company and its successors, recently the St. Louis Public Service Company, maintained tracks, poles and wires over the strip in question and actually ran streetcars over the right of way. This section of the line was a part of the street railway service into St. Louis County known as the Kirkwood-Ferguson line. In 1941 the streetcar company petitioned the Public Service Commission for authority to "abandon street railway service" over the tract in question. The prayer of the petition was for an "order authorizing the partial abandonment of service over the Kirkwood-Ferguson line." The commission recited that the petition "deals with the abandonment of tracks." Its order, subject to certain conditions, "authorized (the company) to abandon service over" this portion of its Kirkwood-Ferguson line. Accordingly, the streetcar company removed its tracks from this section of the line and ceased operating streetcars over it. If it had not previously become impossible or impractical because of some obstruction to operate streetcars over this part of the line it became impossible, of course, to do so after the tracks had been removed. The appellants point to these facts and urge, as a matter of law, that they show an abandonment of the street railway company's easement and consequently a reverter of the whole title.

They particularly emphasize the petition to and order of the Public Service Commission, the removal of the tracks, the power and real purpose of the street railway corporation and contend that they demonstrate an abandonment and relinquishment of the easement. In urging the point they contend that the case falls within that class of cases in which it became physically impossible to use the easement (Southern Ry. Co. v. City of Memphis, 97 Fed. 819), as when the access and use contemplated by the easement was destroyed through the exercise of some superior right by others. Central Wharf & Wet Dock Corp. v. India Wharf, 123 Mass. 567. Or that the case is comparable to the instances in which the purpose, reason and necessity for the easement subsequently ceased to exist and the easement was therefore extinguished. Western v. Whitaker, 102 Okla. 95, 226 Pac. 1034. It is urged that the easement was limited to the principal use of operating streetcars over it and was destroyed by these unequivocal acts which were inconsistent with the right granted in con-

1204

demnation. St. Louis-S. F. Ry. Co. v. Silver King Oil & Gas Co., 234 Mo. App. 589, 127 S. W. (2d) 31.

But in this case as a necessary part of operating streetcars the company also maintained a power line over the right of way. The power line had been maintained for over forty years and after the tracks had been removed was used to furnish power to streetcars operating over the Kirkwood-Ferguson line. The evidence was that this power line served thirty-three streetcars over forty-five miles of track. Here then the whole purpose for which the easement had been created was not at an end, there was yet a necessary incidental purpose to be served, the supplying of power for the operation of streetcars over that part of the line on which "service" had not been discontinued. Rombauer v. St. Louis-S. F. Ry. Co., 225 Mo. App. 78, 34 S. W. (2d) 155; City of Sturgeon v. Wabash Ry. Co., 223 Mo. App. 633, 17 S. W. (2d) 616. Partial nonuse of the right of way may be a circumstance ▇▇ indicative of an intention to abandon as an obstruction making use impossible may indicate adverse use and extinguishment. Annotations 1 A. L. R. 884; 98 A. L. R. 1291. But, while the circumstances relied upon may indicate, in a measure, an intention to abandon, they do not unequivocally do so (Scarritt v. K. C., O. & S. Ry. Co., 148 Mo. 676, 50 S. W. 905) and they do not show an actual relinquishment of possession leaving the property to be appropriated by the next comer. Hatton v. K. C., C. & S. Ry. Co., 253 Mo. 660, 162 S. W. 227. Abandonment is one of the recognized methods of terminating or extinguishing an easement. 17 Am. Jur., Sec. 134, p. 1022; 5 Restatement, Property, Secs. 450, 504. But "An extinguishment of an easement may be complete or partial. It is complete when the privilege of use authorized by it wholly and permanently ceases. It is partial when some but not all of the uses of the servient tenement authorized by it may still be made." 5 Restatement, Property, p. 3061; 17 Am. Jur., Sec. 142, p. 1027. At most the appellants show but a partial abandonment of the Public Service Company's easement. The evidence certainly does not show such an abandonment as to demonstrate a total relinquishment and extinguishment of the easement as the appellants claim.

As against the Union Electric Company the appellants urge that the court erred in holding that it had any right, title, interest or easement to use the right of way. In its answer Union Electric in effect pleaded an easement by prescription but it could not acquire an easement by prescription over this right of way (St. Louis-S. F. Ry. Co. v. Dillard, 328 Mo. 1154, 43 S. W. (2d) 1034) and the trial court did not decree that it had an easement. The trial court found and decreed, as the undisputed fact was, that Union Electric had constructed its line over the right of way "under an oral agreement with said St. Louis Public Service Company, owner of the easement above described; . . . which occupancy is to continue for so

long a time as said St. Louis Public Service Company uses its said right of way for railroad purposes, . . . " Union Electric urges that under the evidence and the decree it has a license from the St. Louis Public Service Company which is entitled to protection as against the possessory claims of any of the appellants. But its right to possession is beside the point for here the plaintiff alleged in this suit to quiet title that it is the owner in fee simple and that Union Electric claims some title or interest in the land. Union Electric did not establish the interest it asserted, title by prescription, but it prayed the court to adjudge that the plaintiff had no right, title or interest and that it be decreed "entitled to the possession, use and occupancy of said . . . land for the purpose of maintaining its poles and equipment thereon . . . and that said right of use and possession on the part of this defendant to said strip of land be ordered, adjudged and decreed *as a superior right, title and interest to any right, title or interest of the plaintiff herein,* . . . " As we have said, the court found, as the fact was, that Union Electric was upon the land by the oral permission of the owner of the easement, not the fee, and the effect of the court's decree is to recognize and protect Union Electric's occupancy or asserted right against and as superior to the appellants, one of whom is undoubtedly the fee simple owner of the servient estate as the court also found. Therefore the question in this case is not the appellant's right to possession as against Union Electric but the question is whether Union Electric's claim and the court's decree with reference to it involve "any title, estate or interest in such property" within the meaning of the quiet title statutes. Mo. R. S. A., Sec. 1684.

Ordinarily the mere oral assertion of a right or interest in land does not constitute such a cloud upon the title as may be removed by a suit to quiet title. 44 Am. Jur., Sec. 14, p. 15; annotation 78 A. L. R. 24, 40, 76; Steinman Development Co. v. W. M. Ritter Lbr. Co., 290 Fed. 832. But here Union Electric asserts and the necessary effect of the court's decree is to establish and protect a license which, in this case and as against the owner of the servient estate, is some right, title or interest in real property within the meaning ▮▮▮ of the quiet title statute. It is true that in some senses a license does not create or vest in the licensee an interest in land (Joplin Supply Co. v. West, 149 Mo. App. 78, 93, 130 S. W. 156; 37 C. J., Sec. 183, p. 284) but indubitably a license, as a privilege to use land and as enforced in this decree, constitutes an interest in land as against the rights and interest of the owner of the servient estate. 5 Restatement, Property, p. 3116. "The term 'license,' . . . denotes an interest in land in the possession of another which (a) entitles the owner of the interest to a use of the land, and (b) arises from the consent of the one whose interest in the land used is affected thereby, . . . " 5 Restatement, Property, Sec. 512. The right or license being found

by the decree the question is whether it was properly protected by the court in the circumstances of this case.

It is true that the owner of an easement may, in some circumstances, license or authorize third persons to use its right of way for purposes not inconsistent with the principal use granted (51 C. J., Sec. 241, p. 577) and the right so granted may be protected as against certain classes of claims. Missouri P. & L. Co. v. Thomas, 340 Mo. 1022, 102 S. W. (2d) 564. But the St. Louis Public Service Company did not, as an adjunct to its business, authorize the construction of the additional power line. 51 C. J., Sec. 238, p. 573. The licensed use was not for some purpose incidental to and connected with the business of the street railway. City of Sturgeon v. Wabash Ry. Co., supra; Rombauer v. St. Louis-S. F. Ry. Co., supra. On the contrary, the uncontradicted evidence is that Union Electric's lines over the right of way have no connection whatever with the electric lines or purposes of the street railway except that some of its poles are used as guys for the streetcar company's poles. And while the Public Service Company as the owner of the easement may permit some use of its right of way, perhaps even the construction of a power line over it, (State ex rel. Highway Comm. v. Union Electric Co., 347 Mo. 690, 697, 148 S. W. (2d) 503, 506) it may not create a right in excess of the title held by it, nor here a right which as against the owner of the servient estate is an additional burden or servitude upon the fee simple title. Annotations 94 A. L. R. 522; 149 A. L. R. 378; 2 Thompson, Real Property, Sec. 716; Muncie Electric Light Co. v. Joliff, 59 Ind. App. 349, 109 N. E. 433. "Nevertheless, in so far as the telegraph or telephone company, thus rightfully occupying the right of way, serves the general public as a commercial enterprise, distinct from the vocation of the railroad, it constitutes a use of the right of way easement other than for railroad purposes and it is therefore a servitude not contemplated in the original grant, and a burden upon the fee, of which the adjacent owner may rightfully complain." St. L., I. M. & S. Ry. Co. v. Cape Girardeau Bell Tel. Co., 134 Mo. App. 406, 416, 114 S. W. 586, 588; 18 Am. Jur., Sec. 210, p. 841. Compare: Julia Building Ass'n. v. Bell Tel. Co., 88 Mo. 258; annotation 8 A. L. R. 1293. Though the decree limits Union Electric's occupancy to so long a time as the Public Service Company uses the right of way for street railway purposes we are of the view that the court's decree enforces an additional servitude and an interest in the land which is not entitled to recognition in this quiet title suit as against the rights and claims of the servient owner.

The incidence of the fee simple title as between the appellants may be of but little importance unless and until the Public Service Company's easement is terminated but it is necessarily involved upon this appeal. When the street railway easement was acquired all the land on both sides of the right of way belonged to Victor M. Buck.

Prior to 1911 the appellants, Southern Real Estate & Financial Company, Delmar Investment Company, Harriet Cella, John G. Cella, Harriet Donnell and Mae Cella or those whom they represent owned all the land, subject to the street railway easement. On the first day of September 1911 all of these parties, by general warranty deed, conveyed the land by metes and bounds to Cicardi Ravarino Realty Company convenanting that the land was free and clear of any encumbrance done or suffered by them or those under whom they claim. It was stipulated that whatever interest Cicardi Ravarino Realty Company acquired in the land now involved had been transferred to the appellant, Eureka Real Estate & Investment Company. The trial court found that Eureka Real Estate & Investment Company was the owner of the fee subject to the street railway company's easement.

Southern Real Estate & Financial Company, Delmar Investment Company and the Cellas contend that since they owned all the land on both sides of the right of way they did not by conveying the land on one side, described as being bound by the right of way, to Cicardi Ravarino Company also convey title to any part of the easement. They point to the description in the deed as being to the right of way, to the fact that they and their predecessors in title owned all the land on both sides of the easment, to the fact that the deed does not recite that it is subject to the easement and to the covenant in the deed and argue that they clearly express an intention, which must be respected, not to convey any part of the fee simple title to the right of way. In short they contend, in the event the easement is terminated, that the title to the easement or right of way reverts to them and their predecessors in title and not to their grantees of the adjoining land. Yates v. Hathaway, 15 Johns. (N. Y.) 447. But, without going into the reasons for the rule (annotations 2 A. L. R. 6; 70 A. L. R. 564) we are definitely committed to the view that "the fee (subject to the easement) remains in those who owned the land at the time of its dedication to public use, *and in their successors in title;* and if ever the streets and alleys are vacated and their public use abandoned, the original owners, or *their grantees,* will thereafter hold the same freed from the burden of the former public use." Roy F. Stamm Electric Co. v. Hamilton-Brown Shoe Co., 350 Mo. 1178, 1182, 171 S. W. (2d) 580, 583; Brown v. Weare, 348 Mo. 135, 152 S. W. (2d) 649; Neil v. Independent Realty Co., 317 Mo. 1235, 298 S. W. 363, 70 A. L. R. 550. There was no express reservation of any rights to the easement in the deed through which Southern Real Estate & Financial Company and its co-appellants claim, as a consequence the conveyances to and from Cicardi Ravarino carried with them the fee simple title to the right of way. American Steel & Wire Co. v. City of St. Louis, 354 Mo. 692, 190 S. W. (2d) 919, 923; Snoddy v. Bolen, 122 Mo. 479, 25 S. W. 935. The circumstances

1208

relied upon are insufficient to show an intention to the contrary. Annotation 2 A. L. R. 6. It follows that the trial court correctly determined the incident of the fee simple title in Eureka Real Estate & Investment Company.

The appellant Eureka Real Estate & Investment Company assigns as error the assessment of the costs of the action against it. It was successful in establishing its fee simple title as against the claims of the other appellants. It was unsuccessful in all its claims against the St. Louis Public Service Company. But upon this appeal it was at least partially successful as against Union Electric Company. Therefore the costs should be assessed proportionately as it was successful in the action. Mo. R. S. A., Secs. 1406-1410; Hart v. Wright Lumber Co., 355 Mo. 397, 196 S. W. (2d) 272, 277-278; Boatmen's National Bank v. Fledderman, 352 Mo. 763, 773-774, 179 S. W. (2d) 102, 107-108.

The judgment as to the St. Louis Public Service Company and as to Eureka Real Estate & Investment Company's title is affirmed, otherwise the cause is reversed and remanded. *Westhues* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.